In re Ralph A. LEWIS, Debtor.

Appeal of Ralph A. LEWIS.

No. 88–1714.

United States Court of Appeals,
Third Circuit.

Argued Jan. 25, 1989.
Decided May 15, 1989.

---

Irwin Trauss (Argued), Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Warren T. Pratt (Argued), Drinker, Biddle & Reath, Philadelphia, Pa., for appellee.

Before STAPLETON, MANSMANN and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

Debtor/Appellant Ralph A. Lewis appeals from the order of the district court which had affirmed the order of the bankruptcy court. Because the district court erred when it construed certain provisions of Lewis's Chapter 13 plan as waiving Lewis's rights under the Act, we will reverse the district court's order and direct the return of this case to the bankruptcy court for further proceedings.

### I.

Lewis filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code on February 1, 1985. Part of Lewis's estate included his residence at 4929 Duffield Street, Philadelphia, Pennsylvania, which was appraised at $24,000. When he filed his petition, Lewis's residence was subject to the following encumbrances: a $1,000 statutory tax lien in favor of the City of Philadelphia; a purchase money mortgage in the amount of $24,000 in favor of Horizon Financial, F.A.; and a mortgage lien of $4,000 in favor of Philadelphia Neighborhood Housing Services ("PNHS").

On April 17, 1985, Lewis filed his proposed Chapter 13 plan. (A. 47). Among other provisions, ¶ 8 of Lewis's plan stated:

> 8. Confirmation of this plan shall constitute a finding that [Horizon] and PNHS are holders of secured claims that are secured by an interest in personal property as well as in real property and that their rights may be modified in accordance with 11 U.S.C. § 1322(b)(2).

(A. 51–52).

On or about May 15, 1985, the bankruptcy court sent to all creditors including PNHS, the standard Order For Meeting of Creditors, combined with the requisite notice and an order providing for an automatic stay. The notice informed the creditors of the dates of various hearings including the date of the confirmation hearing scheduled for June 25, 1985 and the last date for filing proofs of claims, September 4, 1985.

A meeting of creditors was held on June 6, 1985, and on June 25, 1985, a confirmation hearing was held and Lewis's Chapter 13 plan was confirmed. Subsequently, on July 15, 1985, after the plan had been confirmed, PNHS filed a proof of claim for its $4,000 mortgage. On March 6, 1986, Lewis then filed motions under 11 U.S.C. § 506(a), seeking a determination of the value of Horizon's, Philadelphia Department of Public Welfare's and PNHS's interests in his residence. Lewis sought to avoid their respective liens pursuant to 11 U.S.C. § 506(d), to the extent that the liens were not allowed secured claims, within the meaning of § 506(a).

The bankruptcy court invalidated the lien of the Department of Welfare and partially voided the lien of Horizon. However, the bankruptcy court denied Lewis's motion to avoid the PNHS lien.

Lewis appealed to the district court, which affirmed the bankruptcy court on the ground that ¶ 8 of Lewis's plan consti-

tuted a finding that PNHS was the holder of a secured claim in Lewis's residence, 85 B.R. 719 (E.D.Pa.1988). Lewis moved for reconsideration, and the district court, while clarifying its earlier order, substantially affirmed its previous decision, 89 B.R. 430 (E.D.Pa.1988). Lewis now appeals.

## II.

Both the district court and the bankruptcy court read ¶ 8 of Lewis's plan as amounting to a waiver of Lewis's right to invalidate the lien of PNHS under 11 U.S. C. § 506. The district court, in an earlier opinion, had focused on the timing of PNHS's proof of claim (filed after confirmation of the plan), and on Lewis's post-confirmation motion attacking PNHS's secured status. In its April 18, 1988 memorandum and order, the district court had held that Lewis could not avoid PNHS's lien by his post-confirmation effort. (A. 58). In a subsequent opinion, dated August 12, 1988, the district court again addressed the issue of when a proof of claim, timely filed by a creditor *after* confirmation, but filed *before* the claims bar date, may be challenged. In that opinion, the district court, apparently holding that in such a case, neither the Code nor the Rules, prevented a challenge to such a claim, nevertheless, held that the particular provision of Lewis's plan (¶ 8) precluded Lewis from voiding PNHS's lien.

Before us, Lewis did not center his attack on the issue of "timing", i.e., pre or post-confirmation, but rather argued that Section 506(d) does not permit the approval of a "secured claim" that is not an "allowed secured" claim, within the meaning of 11 U.S.C. § 506(a). Lewis's argument, which tracked the statute, essentially distinguished between a claim that is merely "secured" and a claim that is an "allowed secured" claim. Lewis pointed out that a secured claim which exceeds the value of the property securing it, as PNHS's claim does in this case once recognition is accorded to the senior liens, is in effect no more than an unsecured claim which is not protected by any interest in Lewis's residence.

Lewis further disputes the reading given to his plan by both the bankruptcy court and the district court, claiming that if the provisions of his plan are read closely, and in conjunction with the statute, ¶ 8 cannot be deemed to have estopped Lewis from seeking to invalidate PNHS's purported lien.

## III.

Section 506 was enacted by Congress to provide for claims brought by· creditors who were secured lienholders in the property of the bankrupt. The Report of the House Committee on the Judiciary, H.R. Rep. No. 95–595 9th Cong., 1st sess. 180–81, *reprinted in* 5 U.S.Code Cong. & Admin.News 5787, 6141–42, which accompanied the Bankruptcy Reform Act of 1978, described § 506 as follows:

One of the more significant changes from current law in proposed title 11 is the *treatment of secured creditors and secured claims.* Unlike current law, [the Bankruptcy Reform Act of 1978] distinguished between secured and unsecured *claims,* rather than between secured and unsecured *creditors.* The distinction becomes important in the handling of credi·tors with a lien on property that is worth less than the amount of their claim, that is those creditors that are undersecured. .... By addressing the problem in terms of claims, the bill makes clear that an unsecured creditor is to be treated as having a secured claim to the extent of the value of the collateral, and an unsecured claim for the balance of his claim against the debtor.

\*    \*    \*    \*    \*    \*

In a chapter 13 case, the need to know the amount of secured debt is paramount. Secured claims are handled separately in a chapter 13 case, and are required to be paid in full to the extent of the value of the collateral. ....

*Id.* (footnotes omitted) (emphasis added).

As the legislative history indicates, in a chapter 13 bankruptcy, § 506 provides for the payment of "allowed claims" to the extent they are secured and the voiding of any liens on property for claims which are undersecured. Section 506 states:

(a) An *allowed claim* of a creditor secured by a lien on property in which the estate has an interest or that is subject to setoff under section 553 of this title, *is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,* or to the extent that the value of such creditor's interest or the amount subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

　　*　　*　　*　　*　　*　　*

(d) to the extent that a lien secures a claim against the debtor that is *not an allowed secured claim,* such lien is void....

(emphasis added).

■ The district court held that ¶ 8 of Lewis's plan precluded PNHS's lien from being voided under Section 506(d). That paragraph reads as follows:

8. Confirmation of this plan *shall constitute a finding* that [Horizon] and PNHS are holders of secured claims that are secured by an interest in personal property as well as in real property and that their rights may be modified in accordance with 11 U.S.C. § 1322(b)(2).

(A. 51–52) (emphasis added).

Lewis argues that ¶ 8 does not "constitute a finding" that PNHS is the holder of an "allowed secured claim." Rather, Lewis contends that ¶ 8 is limited to secured claims, not allowed secured claims. Accordingly, Lewis argues that under § 506(d), a claim that *is not* an allowed secured claim is voidable, while a claim that *is* an allowed secured claim may not be voided. Furthermore, Lewis argues that several other provisions of the plan make it

clear that the parties contemplated avoiding the PNHS lien under § 506 and that the purpose of ¶ 8 was to simply spell out that PNHS's rights were subject to modification under § 1322(b)(2).[1] The latter section provides that a plan such as Lewis's may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims." PNHS does not respond directly to Lewis's argument but instead asserts that Lewis's motion brought under § 506 was not timely.

We find Lewis's analysis compelling. While it is possible that ¶ 8, standing alone, could fairly be construed as a waiver of the debtor's rights under § 506, when that paragraph is read in conjunction with the other provisions of Lewis's plan it becomes clear that a § 506 modification of the PNHS claim was contemplated by the plan. Indeed, several paragraphs of the plan make specific reference to § 506. For example:

4. The various claims of the debtor's creditors shall be classified as follows:

　　*　　*　　*　　*　　*　　*

(d) *Class 4*—The claim of Philadelphia Neighborhood Housing Services, Inc. (PNHS) for prepetition payments which are due under the provisions of the debtor's mortgage agreement with PNHS, to the extent that it is a *secured claim, within the meaning of 11 U.S.C. § 506(a), secured by a lien on 4929 Duffield Street, Philadelphia, PA which is not avoidable under the provisions of the Code* and which is not for interest, fees, costs, or charges which are not permitted under 11 U.S.C. § 506(b).

(App. 48) (emphasis added).

(e) *Class 5*—The claim, *filed* and *allowed,* of PNHS for the total unpaid balance due under its mortgage agreement with the debtor to the extent *the*

---

**1.** At oral argument, Lewis's counsel explained that ¶ 8 was drawn and included in the plan to provide for the contingency that PNHS might claim a secured interest in fixtures, appliances, or other personalty which Lewis claims were not covered by the PNHS mortgage. While it is conceded that PNHS had no security interest in other than the Lewis's residence at the time the plan was drawn, Lewis's counsel argued that the record in this respect was unclear and that resort to modification under § 1322(b)(2) might be needed.

*allowed claim is a secured claim, within the meaning of 11 U.S.C. § 506(a), secured by a lien on the debtor's residence which is not avoidable under the provisions of the Bankruptcy Code.*

(App. 49) (emphasis added).

5. The payments received by the trustee from the debtor pursuant to this plan shall be distributed as follows:

\* \* \* \* \* \*

(d) *Class 4 claims:* After application of the appropriate amount to the holders of class 1 and 2 claims, the trustee shall distribute all other amounts that come into his hands to the holder of the *allowed* class 4 claim, until 100% of that claim has been paid, to the extent it is *an allowed claim secured by an interest in 4929 Duffield Street.*

(e) *Class 5 claims:* No payments shall be made by the trustee to the holder of the *filed* and *allowed* Class 5 claim. However, *to the extent the claim is a secured claim within the meaning of 11 U.S.C. § 506(a), secured by a lien in 4929 Duffield Street*, the holder of the claim shall retain its lien, *to the extent it is not avoided under 11 U.S.C. § 506(d)*, and shall receive current payments directly from the debtor pursuant to ¶ 10 below.

(App. 50) (emphasis added).

16. The title to the property of the estate shall revest in the debtor upon the confirmation of this plan subject only to the liens of Trevose and PNHS *to the extent those liens secure allowed secured claims and are not avoided*, and the debtor shall have sole right to use and possession thereof.

(App. 53) (emphasis added).

Paragraph 8 of Lewis's plan when read together with the other provisions of the plan noted above—provisions that were obviously crafted in strict compliance with the Code—comprise an integrated plan which supports Lewis's contention that the PNHS mortgage was not an allowed secured claim, and thus could be invalidated.

A reading of the paragraphs which we have quoted, with special attention paid to the underlined passages, clearly demonstrates that the Lewis's plan contemplated that the PNHS claim would be evaluated under § 506. We can understand, however, why the district court may have become diverted by the issue of timing which was emphasized by the parties. This emphasis may explain why the district court did not fully address the substantive argument which has been presented to us.

■ PNHS's timeliness argument, in our view, is without merit. PNHS does not cite to any authorities in support of its position that Lewis's motion for a determination under § 506(d) was untimely because it was filed more than seven months after the confirmation of the plan. This is not surprising as neither Bankruptcy Rule 3012 which governs motions for the valuation of security, nor § 506(d) of the Code, provide any such time limits, and no prejudice has been demonstrated by PNHS which could persuade us to reject Lewis's motion as untimely. Indeed, the district court itself in its second opinion which sought to clarify its earlier decision stated that: "[t]hus, my Memorandum of April 18, 1988, seems to me to be incorrect insofar as it holds that a section 506(d) motion must always be brought before confirmation of a Chapter 13 plan." In so holding, the district court placed reliance on *In re Blakely*, 78 B.R. 435, 438 (Bankr.E.D.Pa.1987) and 8 *Collier on Bankruptcy*, ¶ 3012.03 at 3012–3 ("A determination under Rule 3012 may be sought at any time consistent with the purpose for which it is sought."). In this respect the district court did not err even though we hold that the district court incorrectly interpreted ¶ 8 of Lewis's plan to waive Lewis's rights under § 506.

### IV.

Because the district court erred in construing ¶ 8 as a waiver of Lewis's rights under § 506, we will reverse the order of the district court dated April 18, 1988 and remand to the district court with the direction to return this case to the bankrupt-

cy court for further proceedings consistent with this opinion.