**In re Joseph ROSS, Debtor.**

**Bankruptcy No. 91 B 13192.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 14, 1993.

Robert J. Adams & Associates, Chicago, IL, for debtor.

Lauren Newman, Walinski & Trunkett, Chicago, IL, for creditor (Edison Credit Union).

Jack McCullough, Chicago, IL, Standing Trustee.

## MEMORANDUM DECISION

SUSAN PIERSON SONDERBY,
Bankruptcy Judge.

This matter comes before the Court on the Debtor, Joseph D. Ross', objection to the proof of claim of Edison Credit Union. After having reviewed the pleadings, the Court denies the Debtor's objection in part and grants the Debtor's objection in part.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

### FACTS

On June 20, 1991, Joseph D. Ross filed a voluntary petition for relief under Chapter 13. With the Chapter 13 petition, Debtor filed a Chapter 13 plan, a Chapter 13 statement and a schedule of debts. The property schedule attached to the Debtor's plan showed that he owed Edison Credit Union ("Edison") $8,665 on an automobile loan for a 1988 Chevrolet which had a fair market value of $4,000. The Debtor's schedule of debts showed that he owed Edison $8,664 for an automobile loan secured to the extent of $4,000 and the remaining $4,664 was listed as unsecured.[1] Furthermore, the schedule of debts disclosed the Debtor owed Edison an additional $2,295 for debt which was unsecured.

On June 28, 1991, the Court sent a summary of the proposed plan to Edison. The summary suggested a full repayment of Edison's secured claim, and a ten percent repayment of Edison's unsecured claims. On July 29, 1991, Edison filed a proof of claim in the amount of $11,881.85. Paragraph 9 of the proof of claim stated that "No security interest is held for this claim except: Title to 1988

Chevrolet VIN: J81RG5170J755076." Additionally, Edison's proof of claim contained the following statement: "This claim is a general unsecured claim, except to the extent that the security interest, if any, described in Paragraph 9 is sufficient to satisfy the claim." Edison attached a copy of the security agreement, the certificate of title, a statement of account and other documentation to its claim. This documentation, however, fails to provide any value for the collateral. Of Edison's total $11,881.85 claim, approximately $33.22 was for unmatured interest and $300 was for attorney's fees.

The Court confirmed the Debtor's plan on September 9, 1991, which provided that secured creditors would be paid in full while unsecured creditors would be paid ten percent of their claims. The plan further provided that the Debtor would pay $410 per month for a period of 48 months. At the time of confirmation, no objections were filed by any creditors. Now, over two years after confirmation of the plan, the Debtor objects to Edison's claim. The Debtor contends that the value of the automobile securing Edison's claim was worth only $3,161.50 as of the date of confirmation. Additionally, the Debtor asserts that Edison improperly added unmatured interest and attorney's fees. Consequently, the Debtor seeks to have Edison's secured claim reduced to $3,161.50, and the unsecured claim reduced by $333.22.

### DISCUSSION

■ The issue before the Court is whether the Debtor can object to the secured claim of a creditor after the confirmation of Debtor's plan when such plan provides for the value of the collateral. The Court's analysis begins with the plain language of the provisions governing the allowance of claims. Section 501(a)[2] permits a creditor to file a proof of claim. Federal Rule of Bankruptcy Procedure 3001 delineates the basic requirements of a proof of claim. Proof of a secured claim should be filed in writing and must be accom-

---

1. The record does not clarify the conflict between the amount of the secured and unsecured portions of the claim as stated in Debtor's plan and the schedule of debts.

2. Section 501(a) provides:

A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
11 U.S.C. § 501(a).

panied by documentation that the security interest has been perfected. Fed.R.Bankr.P. 3001(d). In a Chapter 13 case, the proof of claim shall be filed within ninety days after the first date set for a meeting of creditors. Fed.R.Bankr.P. 3002.

Section 502(a)[3] provides that a claim filed pursuant to Section 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. Fed. R.Bankr.P. 3001(f). The procedure for objecting to the allowance of a proof of claim is established in part by Federal Rule of Bankruptcy Procedure 3007, which provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Fed.R.Bankr.P. 3007. Unlike a proof of claim, which must be filed before the bar date, an objection to a proof of claim may be filed at any time. *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir.1992) (citing *In re Kolstad*, 928 F.2d 171, 174 (5th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991)). Upon the filing of an objection, the objecting party must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim. *In re Simmons*, 765 F.2d 547, 552 (5th Cir.1985).

In this matter, Edison filed a proof of claim in the amount of $11,881.85 which Debtor has objected to contending the claim is secured only to the extent of $3,161.50. The Debtor does not contest the secured nature of the claim which was established by Edison attaching the security agreement and the certificate of title to evidence proof that Edison's security interest is perfected. The Debtor does contest the value of the property by which Edison's claim is secured. However, the amount of the secured portion of the claim cannot be challenged at this time. Although the Debtor is *not* time barred from objecting to the allowance of a proof of claim, the Debtor is precluded from challenging the value of Debtor's vehicle because the Debtor waived that opportunity at the time of confirmation. The Fifth Circuit explained the reasoning behind not allowing a debtor to object to a secured claim after plan confirmation in the decision of *In re Simmons*, 765 F.2d 547 (5th Cir.1985).

In *Simmons*, the creditor filed a proof of claim asserting a secured interest against the debtor's estate. The debtor filed a Chapter 13 plan listing the creditor as holding a disputed and unsecured claim. The debtor never formally filed an objection to the creditor's proof of claim and the plan was confirmed. Later, the debtor objected to paying the creditor's claim contending the creditor held an unsecured claim. The Fifth Circuit denied the debtor's objection.

In reaching its conclusion, the Court of Appeals looked to the plain language of Section 506(a) and Section 1325(a)(5). The Court reasoned that Section 506(a) requires a valuation of the collateral in conjunction with the confirmation hearing of Debtor's Chapter 13 plan. Further, the Court observed that Section 1325(a)(5) permits, for confirmation, the holder of a secured claim to retain a lien securing the claim with the value established as of the date of confirmation. Construed together, the *Simmons* court concluded that a secured claim is deemed allowed at the time of plan confirmation because it is at that time that the valuation of the collateral securing the creditor's interest occurs. Specifically, the Fifth Circuit stated "a proof of secured claim must be acted upon—that is, allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan." *Simmons*, 765 F.2d at 553. Thus, Edison's secured

---

**3.** Section 502(a) provides:
   A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a

creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
   11 U.S.C. § 502(a).

claim cannot be challenged post-confirmation because the window of opportunity to challenge the value of the collateral upon which the secured claim rests has passed.

■ This Court concurs with the *Simmons* reasoning. Section 506(a) states in pertinent part: "... value shall be determined ... in conjunction with any hearing ... on a plan affecting such creditor's interest." This section clearly contemplates, authorizes and arguably directs the Court to determine issues of asset valuation at the confirmation hearing. *See In re Fox*, 142 B.R. 206, 207 (Bankr.S.D.Ohio 1992); *In re Pourtless*, 93 B.R. 23, 25 (Bankr.W.D.N.Y. 1988). In this case, Edison filed a $11,881.85 claim alleging a security interest up to the value of the Debtor's automobile. The Debtor never objected to Edison's secured claim and subsequently his plan was confirmed requiring the Debtor to pay secured creditors 100% of their claims. Because the Debtor failed to object to Edison's secured claim prior to confirmation, he waived any opportunity he had to establish the valuation upon which Edison's claim rests.

The Debtor attempts to distinguish the holding of *Simmons* as limited in its application to precluding only those objections directed toward misclassified claims in a confirmed plan citing *In re Lewis*, 875 F.2d 53 (3rd Cir.1989) and *In re Woolaghan*, 140 B.R. 377 (Bankr.W.D.Pa.1992) for support. The Court finds neither decision applicable because in both instances the plain language of the plan of reorganization expressly reserved the right to object to a secured claim, unlike the plan in the present case.

In *Lewis*, the debtor's residence was encumbered by several liens, one of which was held by Philadelphia Neighborhood Housing Services ("PNHS"). The debtor's plan specifically stated that confirmation of the plan constituted a finding that PNHS held a claim secured in personal and real property and that its right could be modified pursuant to 11 U.S.C. § 1322(b)(2). After the debtor's plan was confirmed, the debtor filed a motion

under 11 U.S.C. § 506(a), seeking a determination of the value of PNHS's interests in his residence. *Lewis*, 875 F.2d at 55. The Third Circuit held that the debtor did not waive his rights to object to PNHS's claim under Section 506 because the plan clearly indicated that a Section 506 modification of PNHS claim was contemplated by the plan.[4] *Id.* at 57.

In *Woolaghan*, the debtors' residence was encumbered by a lien held by United Mortgage Services, Inc. ("UMS"). The debtors' plan specifically stated that UMS's claim was subject to Truth in Lending recoupment which the debtors' could raise as a defense to any distribution. After confirmation, the debtors objected and the *Woolaghan* court held that the debtors could object to UMS's claim because the plan clearly stated that the Debtors' contemplated objection to UMS's claim. *Woolaghan*, 140 B.R. at 381.

Neither scenario is present in the instant case. Unlike *Lewis* or *Woolaghan*, the Debtor's plan does not reserve the right to challenge Edison's claim or the valuation upon which that claim is based. The Court finds neither decision of the *Lewis* court or the *Woolaghan* court provide any support for the Debtor's position. Therefore, the Debtor is barred from objecting to the valuation of collateral upon which Edison's secured claim is based.

■ Furthermore, the Court finds the value of the Debtor's automobile at the time of confirmation was $4,000. The law is well settled that a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation. *See* 11 U.S.C. § 1327(a); *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989). Once confirmed, the parties must look to the plan to determine the treatment of their claims. In essence a confirmed Chapter 13 plan constitutes a contract between the debtor and his/her creditors. *See In re Casper*, 154 B.R. 243 (N.D.Ill.1993). In this case, the Court entered an order confirming the Debtor's

---

4. It is worth noting that the *Lewis* court held that although the claim objection was filed seven (7) months after the debtor's Chapter 13 plan was confirmed, it was not untimely because neither

the Bankruptcy Rules nor the Code dictate a time limitation within which an objection must be made. *Lewis*, 875 F.2d at 57.

plan which provided a value of the Debtor's automobile of $4,000. Therefore, the Debtor is barred from objecting to the value of the collateral as anything different than provided in his own plan.

■ Edison urges the Court to find that the claim is secured to the full extent of its debt, in other words, the amount of $11,-881.85. This interpretation is contrary to the Debtor's plan and Edison's own proof of claim. The Debtor's plan bifurcated Edison's claim and Edison received notice of that bifurcation in the plan summary. Edison did not dispute this bifurcation, but agreed to its claim being classified into a secured and unsecured claim by filing a proof of claim which stated as much. Additionally, Edison did not dispute the Debtor's valuation of his vehicle by estimating the value of the collateral in its proof of claim. Nor did Edison take advantage of its statutory right to object to the treatment of its secured claim at the confirmation hearing pursuant to 11 U.S.C. § 1324. *See In re Pence*, 905 F.2d 1107, 1110 (7th Cir.1990) (Mortgagee should attack valuation of property at confirmation hearing); *In re Guilbeau*, 74 B.R. 13 (Bankr. W.D.La.1987) (Bank precluded from raising issue of valuation of collateral subsequent to confirmation). Edison failed to object to the value of the collateral in the Chapter 13 plan and is now bound by the terms of the plan.[5]

Accordingly, both parties agreed to the plan as confirmed and both parties will be forced to comply with its terms.[6]

■ Finally, the Debtor objects to Edison's claim because that claim includes unmatured interest and attorneys' fees in contravention of Sections 502(b)(2) and 502(b)(4).[7] As noted above, Edison's proof of claim specifically provided that its claim would be secured to the extent of the value of the motor vehicle, and unsecured for any amount in excess of that value. Therefore, Edison holds an unsecured claim which partially constitutes unmatured interest and attorney's fees. Although the Debtor is barred from contesting the value of the collateral, Edison is not barred from objecting to Edison's unsecured claim. These two findings are not inconsistent because Edison's unsecured claim is not directly based on the valuation of the collateral. Furthermore, as specifically outlined in 11 U.S.C. § 502(b)(2), the Court may not allow unmatured interest on a creditor's claim.[8] *See Matter of Fesco Plastics Corp., Inc.*, 996 F.2d 152, 155 (7th Cir.1993). Therefore, the Court will disallow the amount of $33.22 from Edison's claim. Pursuant to Section 502(b)(4), the Court will allow the attorney's fees of $300 because the Debtor has not provided any evidence, including at the very least, a statement that

**5.** Common sense dictates the Debtor's valuation of his vehicle is the prudent choice. The Debtor was in possession of the vehicle to make a determination of its condition in order to approximate the value. Additionally, the Debtor has the necessary information to make such an estimate and must do so in good faith. 11 U.S.C. § 1325(a)(3).

**6.** Neither *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), (Lien stripping prohibited on real property in Chapter 7) nor *Nobelman v. American Sav. Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) (Lien stripping disallowed on real property consisting of Debtor's principal residence in Chapter 13) indicate a different conclusion. In this case, Edison's claim provided for satisfaction of its lien by bifurcating its claim, as did the Debtor's Chapter 13 plan. *See In re Schultz*, 153 B.R. 170, 173 n. 9 (Bankr.S.D.Miss.1993).

**7.** Section 502(b) provides in relevant part:
Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and

a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in lawful currency of the United States in such amount, except to the extent that—

*   *   *   *   *   *

(2) such claim is for unmatured interest;

*   *   *   *   *   *

(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
11 U.S.C. §§ 502(b)(2) and (b)(4).

**8.** As noted by the Seventh Circuit, there are two exceptions to this rule which are not applicable to this case. First, creditors may recover post-petition interest when the debtor is solvent. *Matter of Fesco Plastics Corp., Inc.*, 996 F.2d 152, 155–156 (7th Cir.1993). Second, secured creditors are allowed post-petition interest whose security is worth more than the sum of the principal and all interest due. *Id.* at 156. According to the record, neither of these exceptions are applicable.

the fees are unreasonable, to defeat the creditor's proof of claim. Consequently, the amount of attorneys' fees will be deemed allowed.[9]

## CONCLUSION

The Court denies in part and grants in part the Debtor's objection to the allowance of Edison's claim. Edison's claim is deemed allowed in the amount of $4,000 as fully secured, and in the amount of $7,848.63 as unsecured. Lastly, the Court will disallow the amount of $33.22.

9. The Debtor does not object to Edison's unsecured claim except for the unmatured interest, and the attorneys' fees. Therefore, the Court does not address the conflict between the amount of the unsecured claim in the Debtor's plan and Edison's proof of claim.