In re Joseph TESTA and Serafina Testa, Debtors.

Simon KONOVER and Stroudsburg Commercial Associates, Limited Partnership, Plaintiffs,

v.

Joseph TESTA and Serafina Testa, Defendants.

Bankruptcy No. 5–94–00410.
Adversary No. 5–95–00495A.

United States Bankruptcy Court, M.D. Pennsylvania.

April 15, 1996.

Joseph G. Murray, Wilkes–Barre, PA, for Debtors/Defendants.

Therese Ann Hardiman, Pocono Pines, PA, for Plaintiffs.

Charles DeHart, III, · Chapter 13 Trustee, Hummelstown, PA.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The current procedural posture of the above-captioned adversary and bankruptcy case brings before this court Debtors' Objections to the Proofs of Claim filed by Simon Konover and Stroudsburg Commercial Associates Limited Partnership, (hereinafter "Claimants"), the Claimants' written Objections to the Debtors' Objections, and a Motion to Dismiss the above removed adversary to 5–95–00495, which was initially commenced in the Court of Common Pleas of Monroe County, Pennsylvania to case No. 1995–01219.

The facts are as follows. The Debtors and Claimants entered into a written commercial lease for space at the Jamesway Plaza Shopping Center located in Stroudsburg, Monroe County, Pennsylvania in · 1991. Following an alleged default of certain of the lease provisions in 1992, a confession of judgment was filed for both the payment of rent and possession of the property. This matter was subsequently resolved and the Debtors remained in possession. Thereafter, the Debtors once again allegedly defaulted in their obligations under the terms of the lease and a Judgment in Confession of Judgment for Money and a Judgment in Confession of Judgment for Possession was filed on February 14, 1994 in the Court of Common Pleas of Monroe County. A Writ of Possession was thereafter issued on February 14, 1994 and was executed on by the Monroe County Sheriff's Office that same month. The Debtors then filed a Motion to Open and/or Strike the Confessions of Judgment for Possession and Rent and obtained a Rule Returnable with a stay of the proceedings on March 1, 1994. Before a hearing was held on the Motion to Strike or Open, the Debtors filed a Chapter 13 petition under the United States Bankruptcy Code on March 28, 1994. On July 7, 1994, Claimants filed a proof of claim in the amount of Fourteen Thousand Five Hundred Seventy–Five Dollars and Five Cents ($14,575.05). On July 25, 1994, this court entered an Order confirming Debtors' Chapter 13 Plan. The official record includes the filing of a document titled "Schedule of Distribution" reflecting a date of preparation of November 3, 1994. The date of approval of the document was either November 10, 1994 or November 18, 1994 (the date is somewhat illegible). This document also is not an original document but is a copy without an original signature. The Schedule of Distribution was filed with the court on December 2, 1994. In May of 1995, Debtors filed an action against Claimants and other named Defendants in the Court of Common Pleas of Monroe County which action was earlier referred to as the removed action to this court. The Debtors filed an objection to Claimants' proof of claim on June 26, 1995.

Based upon this procedural history, the Claimants' objections raised three issues which can be summarized as follows: whether the Debtors' post-confirmation objections to Claimants' proof of claim are untimely and barred under the provisions of 11 U.S.C. § 1327; whether the objections should be advanced before the Court of Common Pleas under the pending Motion to Open and/or Strike; and whether the Debtors' May 1, 1995 post-bankruptcy removed state court action should be dismissed because the claims have already been instituted by the Debtors against the Claimants in two prior actions.

### TIMELINESS OF OBJECTIONS TO PROOFS OF CLAIM

■ The Creditors, Simon Konover and Stroudsburg Commercial Associates Limited Partnership, argue that the objections filed by the Debtors to their proofs of claim are untimely. Their reasoning is as follows. The Debtors filed bankruptcy on March 28, 1994. On April 28, 1994, the Debtors filed their Chapter 13 Plan. Since the terms of that Plan are important to this decision, it is attached as an exhibit and made a part hereof. *(Exhibit "A" attached hereto.)* The Claimants filed a proof of claim in this case

on July 7, 1994 in the amount of Fourteen Thousand Five Hundred Seventy–Five and 05/100 Dollars ($14,575.05) claiming unsecured status. Subsequently, a similar claim was filed October 20, 1994 by the Claimants for the same amounts again alleging unsecured status. On July 25, 1994, this court issued an Order confirming the Chapter 13 Plan. Subsequent to that date and on June 23, 1995, the Debtors filed objections to the proofs of claim of the Claimants.

The Claimants maintain that it's just too late to file objections to their claims citing various authority for that proposition. That authority is best exemplified by *In re Simmons*, 765 F.2d 547 (5th Cir.1985). That case stands for the proposition that "... because no objection was filed before confirmation of ... [a] ... Chapter 13 plan, [a creditor's] claim should have been deemed an allowed secured claim for purposes of confirmation." *Id.* at p. 554.

Indeed, there are cogent reasons why a creditors claim should generally be dealt with prior to confirmation. This is especially true if that creditor has filed a secured claim since the court typically is concerned with whether an allowed secured claim is adequately provided for by the plan under 11 U.S.C. § 1325(a)(5). Nevertheless, Federal Rule of Bankruptcy Procedure 3007 addresses objections to claims but sets no deadline to file same. A learned treatise addressing this concern argued against the utilization of a deadline under certain circumstances.

> However, when confirmation of a plan does not purport to treat a specific creditor in a way such that its rights are determined and when determination of allowed claims is not necessary to a determination of whether the plan meets the standards of confirmation, confirmation is not an appropriate deadline for objection. *8 Collier on Bankruptcy,* ¶ *3007.03 at p. 3007–10.*

Claimants argue that "... the Debtors proposed a plan which purported to pay these Claimants for the amount of their timely filed claim." *Claimants', Simon Konover and Stroudsburg Commercial Associates Limited Partnership, Brief in Support of Written Objections to Debtors' Objection to Proof of Claim and Motion to Dismiss Debt-*

*ors' Civil Action, filed November 30, 1995 at page 14.* As a review of the Plan annexed hereto will demonstrate, Debtors have not agreed to pay any unsecured claims except those that have been timely and accurately filed. Timeliness is an easy enough factor to consider while reference to the accuracy of a proof of claim implies an opportunity to object to that claim and litigate it fully. There can be no other implication of such statement.

Our circuit has been instructive in implying that a paragraph in a plan should not be read standing alone but must be read in conjunction with all the other provisions of a plan. *In re Lewis*, 875 F.2d 53, 55 (3rd Cir.1989). In the Debtors' Plan, the Debtors were forthright in committing "... any award presented in their civil action against Konover Management Corp. which the Debtors have valued in the schedules at approximately $40,000.00" to the pool of funds to be distributed to unsecured creditors. It is inconceivable that this could have any other meaning other than that the Debtors would prosecute a civil lawsuit against Konover and remit any proceeds of that lawsuit to the Trustee for distribution to creditors.

For the Claimants to imply that confirmation of this Plan barred the Debtors from prosecuting that lawsuit is not only indefensible, but borders on being disingenuous.

The Claimants raise a further argument in support of their position. That argument is set forth as follows:

> In the instant case, it is clear that not only did the Debtors fail to object prior to the confirmation of their plan, they also failed to object to the Schedule of Distribution, which is a part of their confirmed plan, despite having received clear notice of this Schedule and of the requirement to timely file their objections. Thus, the confirmed plan's schedule of distribution, which included the amount to be distributed to these Claimants, was approved without objection by these Debtors. As such, Section 1327 will preclude the instant objections. *Claimants', Simon Konover and Stroudsburg Commercial Associates Limited Partnership, Brief in Support of Writ-*

*ten Objections to Debtors' Objection to Proof of Claim and Motion to Dismiss Debtors' Civil Action, filed November 30, 1995 at page 15.*

The "Schedule of Distribution", alluded to in Claimants' argument, is an item provided for by Paragraph 3021–1(a) of the Bankruptcy Practice Order and Forms for the Northern Tier of the Middle District of Pennsylvania (the Practice Order has been adopted by this Division in lieu of local rules). That paragraph reads as follows:

¶ *3021–1* (a) *Distribution Under Chapter 13 Plans.* Following confirmation of the chapter 13 plan and expiration of the deadline for filing proofs of claim, the debtor shall review all proofs of claim filed with the clerk and shall file objections to claims where appropriate. Thereafter, but before any distribution under the plan, the trustee will prepare and file a proposed schedule of distribution identifying those claims of record which are entitled to receive a distribution in accordance with the confirmed plan.

Initially it should be noted that our local Practice Order appears to suggest that objections should be filed *after* plan confirmation. Thereafter, a proposed schedule of distribution is to be filed by the Chapter 13 Trustee. Nothing in ¶ 3021–1(a) provides that the proposed schedule of distribution need be noticed or submitted to the court for approval.

Document # 9 filed in this case on December 2, 1994 is entitled "Schedule of Distribution" and it appears to be a conformed copy of a document originally executed by Charles J. DeHart, III, Standing Chapter 13 Trustee, on or about November 10, 1994 or November 18, 1994. It further includes a proposal to distribute the sum of Fourteen Thousand Five Hundred Seventy–Five and 05/100 Dollars ($14,575.05) to the Claimants over the life of the Plan.

Notwithstanding the approval date of November 10, 1994 or November 18, 1994, the following statement appears on the bottom of this document.

ANYONE OBJECTING TO THIS SCHEDULE SHOULD FORWARD CORRESPONDENCE TO THE TRUSTEE'S OFFICE WITHIN 10 DAYS FROM THE DATE BELOW.

DATE PREPARED: November 3, 1994.

Assuming "correspondence" had to be forwarded to the Trustee within 10 days from November 3, 1994, the necessary objections would have had to be received by the Trustee no later than three days after the Trustee probably mailed it, a virtual impossibility. Moreover, there's no indication on this record that it was ever circulated to any party in interest.

Overall, the document appears to be meaningless except that it may offer some justification for any distribution the Trustee may effect, depending on who received prior service of this schedule.

We conclude that the objections to the claims are timely filed.

### RES JUDICATA/COLLATERAL ESTOPPEL

■ The core requirements of collateral estoppel as provided by the Third Circuit in the case of *In re Braen,* 900 F.2d 621 (3rd Cir.1990), citing *Matter of Ross,* 602 F.2d 604 (3rd Cir.1979) quoting *Haize v. Hanover Insurance Co.,* 536 F.2d 576 (3rd Cir.1976) are as follows: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." This court finds that the requirements of collateral estoppel have not been met.

■ For res judicata to apply, there must be (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) the present suit must be based on the same cause of action. *U.S. v. Athlone Industries,* 746 F.2d 977, 983 (3rd Cir.1984).

■ An adjudication of a petition to open a judgment may be enough to bar a subsequent lawsuit under the provisions of res judicata and collateral estoppel. *Hopewell Estates, Inc. v. Kent, et al.,* 435 Pa.Super.

471, 646 A.2d 1192 (1994); *Duquesne Light Company v. Pittsburgh Railways Company*, 413 Pa. 1, 194 A.2d 319 (1963); and *Romah v. Romah, et al.*, 411 Pa.Super. 12, 600 A.2d 978 (1991). In the *Duquesne Light Company* case, the Pennsylvania Supreme Court held that when a party has an opportunity to raise potential defenses to a confession of judgment but fails to do so in a first petition to open, then those issues are barred by the doctrine of res judicata in a subsequent second petition.

■ What was common to all the above quoted cases was that there was a final determination on all the motions or petitions to strike judgment. The instant case presents an important distinction. There was no hearing held on the Debtors' Petition to Strike and/or Open the Confession of Judgment. Additionally, that proceeding itself was stayed by the filing of the bankruptcy. Under both the requirements of collateral estoppel and res judicata, there is no valid or final judgment entered in the state court proceeding. Moreover, the cause of action removed from the state court does not have an identity of parties in that the action was not only against the above Claimants but also against Tuscarora Wayne Insurance Co. Any issue essential for the prior determination was not actually litigated in the confession of judgment and therefore there was no determination made on any issue essential to the prior judgment.

■ The removed action is based upon alleged defaults under the terms of the lease and an alleged failure to provide the business premises as promised. Debtors also assert that their property was damaged and that they lost profits. The court has determined to treat the removed state court action as a counterclaim to the proof of claim filed by the Claimants and will consolidate those matters and proceed as if this matter was initiated as an adversary proceeding in this bankruptcy court. See *Federal Rule of Bankruptcy Procedure 3007*. As to the pending Motion to Strike and/or Open the Judgment in the state court, that matter was stayed by the filing of the bankruptcy and there is no prejudice to any of the parties to

that litigation by the continued stay of that action.

Our Order is attached.

### ORDER

For the reasons indicated in the attached Opinion, the Motion of Simon Konover and Stroudsburg Commercial Associates, Limited Partnership, to Dismiss adversary number 5–95–00495A as well as their objections to the Debtors' claims objections are denied.

The claims litigation between the parties as well as the above-captioned adversary are consolidated for disposition. A pre-trial on the consolidated matter is hereby scheduled for **Wednesday, May 22, 1996 at 10:00 o'clock A.M.** in Courtroom No. 1, Federal Building, 197 South Main Street, Wilkes-Barre, Pennsylvania.

EXHIBIT A

IN THE UNITED STATES
BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT
OF PENNSYLVANIA

In re: Joseph A. Testa and Serafina
G. Testa, Debtors

CHAPTER 13

No. 5–94–00410

**CHAPTER 13 PLAN**

COMES NOW, the Debtors, Joseph Testa and Serafina Testa and file this chapter 13 plan and request that it be confirmed:

1. **PAYMENTS TO THE TRUSTEE.** No payments shall be made to the chapter 13 trustee on a monthly basis. As assets of the Debtors are sold by the Debtors, the Debtors shall make lump sum payments to the trustee to pay 100% of all allowed claims.

2. **CLASSIFICATION OF CLAIM.** This Plan classifies claims as follows: priority, secured and unsecured claims.

3. **PRIORITY CLAIMS.** The following priority claims shall be paid in full through the Plan:

Joseph G. Murray, Esquire   $1,350.00

No payments shall be made to non-priority claims until priority claims are paid in full.

4. **SECURED CLAIMS:** There are no secured claims.

**5. *LIQUIDATION OF ASSETS:*** The Debtors propose to sell the assets listed in the Debtors Schedule B as restaurant equipment and fixtures within six (6) months from the date of confirmation. The Debtors have listed the value of the equipment and fixtures at approximately $35,000.00. The Debtors will also commit any award presented in their civil action against Konover Management Corp. which the Debtors have valued in the schedules at approximately $40,000.00.

**6. *UNSECURED CLAIMS:*** Creditors holding unsecured, nonpriority claims shall be paid in full through the plan in the amount of $33,000.00. The trustee shall pay only those creditors who have filed a timely and accurate Proof of Claim.

**7. *COMPENSATION TO THE TRUSTEE.*** The Chapter 13 trustee will receive compensation through the Plan in the amount of 10% of monies paid out to creditors.

/s/ Joseph Testa
Joseph Testa
/s/ Serafina Testa
Serafina Testa

Dated: April 25, 1994