In re SHAPE, INC., Debtor.

William A. BRANDT, Jr.,
Trustee, Plaintiff,

v.

SWISSTRONICS, INC., Defendant.

Bankruptcy Nos. 88–20388, 88–20390.
Adv. No. 90–2097.

United States Bankruptcy Court,
D. Maine.

Jan. 28, 1992.

Michael B. Roitman, Cohn, Roitman & Kelakos, Boston, Mass., for trustee.

Michael J. Pearce, Beagle, Pearce, Feller & Ridge, Portland, Me., Bernard A. Dwork, Barron & Stadfeld, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Shape, Inc. ("Shape") filed a Chapter 11 petition on November 7, 1988. At that time, Shape had been purchasing guide pins for many years for its video operation from Swisstronics, Inc. ("Swisstronics"), the manufacturer. As of the date of filing, Shape owed Swisstronics approximately $93,870.00.[1] The contract between Swisstronics and Shape at that time called for a purchase price of approximately $13.00 per thousand. Shortly thereafter, Swisstronics increased its price to approximately $21.00 per thousand. Nevertheless, Shape continued to purchase guide pins from Swisstronics at the increased price.

On July 23, 1990, Shape filed its original adversary complaint against Swisstronics in which it alleged two counts: one for violating the automatic stay of Bankruptcy Code § 362(a)(6), and the second for violating Mass.Gen.L. Ch. 93A, the Massachusetts Consumer Protection Act. Shape alleges that Swisstronics was attempting to collect pre-petition debt from Shape by increasing its price post-petition, and that such activity not only amounted to a willful violation of the automatic stay, but also constituted an unfair method of competition and an unfair and deceptive business practice.

---

1. Shape's complaint states it owed Swisstronics approximately $93,870.00 (Complaint, p. 2). The claim filed by Swisstronics in this proceeding is for $137,506.99 (Statement of Uncontroverted Facts filed by Swisstronics, p. 3). Presumably, this amount includes pre-petition interest due on the debt.

708

On July 3, 1991, Swisstronics filed a motion for summary judgment or, in the alternative, a motion to dismiss Shape's complaint. It is that motion upon which the Court acts today.[2]

Summary judgment must be entered in favor of the moving party if, based upon the pleadings, admissions, interrogatories, depositions and affidavits, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056.

## COUNT I

■ Shape alleges that Swisstronics willfully violated Bankruptcy Code § 362(a)(6), the automatic stay provision. The remedy for such a violation is provided by § 362(h), as follows: "An *individual* injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." (emphasis added). Shape contends that § 362(h) was intended by Congress to include an injured *corporation.* On the other hand, Swisstronics argues that Congress would have used the word 'person' (as defined in Bankruptcy Code § 101(41) to include corporation) if it had intended to provide such a remedy to corporations. Both parties cite authority from other circuits for their respective positions, but the question remains an issue of first impression in the first circuit.[3]

The *Chateaugay* court based its analysis of this issue on the plain meaning rule of construction set forth by the Supreme Court one year earlier in *United States v.*

*Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). Accordingly, *Chateaugay* held corporate debtors are not entitled to damages under § 362(h).

This Court agrees with the analysis in *Chateaugay* and holds that § 362(h) was intended to afford a remedy for willful violation of the automatic stay only to individual debtors. Therefore Shape, a corporate debtor, is not entitled to the remedy it seeks under § 362(a)(6), whether or not Swisstronics' actions amounted to a willful violation of the automatic stay.

## COUNT II

■ Shape next argues that Swisstronics engaged in an unfair method of competition and an unfair and deceptive business practice in its attempt to collect pre-petition losses by increasing its price post-petition, and therefore violated Ch. 93A.[4] This is the same set of facts which formed the basis for Shape's willful violation of the automatic stay claim. However, this second cause of action relies on the Bankruptcy Code in order to obtain a *state law remedy.* The Bankruptcy Code provides a comprehensive scheme reflecting "a balance, completeness and structural integrity that suggests remedial exclusivity." *Periera v. Chapman,* 92 B.R. 903, 908 (C.D.Cal. 1988). Since this federal statute is applicable here, and has its own enforcement scheme and separate adjudicative framework, it must supercede any state law remedies.

Shape is not attempting by this claim to proceed under the state statute exclusively.

2. Oral arguments were heard by both parties on August 28, 1991, at which time this matter was taken under advisement.

3. Shape cites *Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289 (4th Cir.1986) and *Cuffee v. Atlantic Business and Community Development Corp.,* 901 F.2d 325 (3d Cir.1990) as authority for its position. Swisstronics cites *In re Chateaugay Corp.,* 920 F.2d 183 (2nd Cir. 1990), and also *In re Prairie Trunk Railway,* 125 B.R. 217 (Bankr.N.D.Ill.1991) and *In re Williams,* 124 B.R. 311 (Bankr.C.D.Cal.1991) as following *Chateaugay.*

4. It is interesting to note that at the time Shape filed its bankruptcy petition there existed an executory contract for guide pins with Swisstronics which Shape chose to reject. Presumably, Shape did so because it did not want to incur the cost of curing the default which would be necessary to assume the contract pursuant to Bankruptcy Code § 365(b). It appears now that Shape is attempting to recoup the losses it suffered as a result of rejecting the contract, and expects Swisstronics to pay the price by, in effect, forcing Swisstronics to sell guide pins to Shape at the same low price of the parties' original contract.

The claim is intimately tied to the existence of Shape's bankruptcy and thus necessarily implicates the Bankruptcy Code. As stated in Shape's memorandum opposing this motion,

"Shape does not allege that charging high prices is *itself* a violation of Chapter 93A ... Rather, by raising the price of guide pins *in order to recoup prepetition losses*, when Shape had no alternative source for guide pins and therefore had to pay the increased rate to stay in business, Swisstronics engaged in unfair business practices."

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and for Summary Judgment at 16 (emphasis added). Assuming for the moment that Swisstronics did increase its price "in order to recoup pre-petition losses," a fact which the Court realizes is in dispute, there would be no "pre-petition" debt to collect if there were no bankruptcy, and therefore no claim of a Ch. 93A violation absent the Bankruptcy Code. Under these circumstances, the state law remedy must succumb to the federal statute and therefore this claim is precluded.

Counts I and II of Shape's original complaint fail as a matter of law and therefore summary judgment must be granted in favor of Swisstronics.[5]

The foregoing constitutes findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052.

An appropriate order shall issue.

---

**5.** The Court is aware that Shape filed an amended complaint in this adversary proceeding which included a third count: breach of contract. Swisstronics did not amend its motion for summary judgment to include Count III. Therefore, factual questions regarding this issue will be determined at trial.