**Anita GRAY–MAPP, Plaintiff,**

v.

**Michael L. SHERMAN, individually, and d/b/a Sherman & Sherman, Defendants.**

**No. 98C5423.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 21, 1999.

---

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Tara Leigh Goodwin, Edelman, Combs & Latturner, Chicago, IL, for plaintiff.

Michael P. Tone, Kristi Anthony Wallace, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

KENNELLY, District Judge.

This case requires the Court to determine whether a chapter 13 debtor may bring a claim under the Fair Debt Collection Practices Act based on a creditor's filing of an allegedly inflated proof of claim. For the reasons explained below, we hold that the debtor cannot attack the proof of claim under the FDCPA; she must instead pursue, in the bankruptcy proceedings, the remedies outlined in the Bankruptcy Code.

### Facts & Procedural Background

In the fall of 1996, Anita Gray–Mapp bought $2,217.50 in used furniture on credit from Heilig Meyers. In December 1997, before paying off the furniture, Gray–Mapp filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. On February 5, 1998, Heilig Meyers, through its attorneys Michael Sherman and his law firm, Sherman & Sherman, filed a proof of claim in Gray–Mapp's bankruptcy proceeding for a secured claim in the amount of $2,556.18. Gray–Mapp did not object to the claim, although it was more than $300 greater than the value of the furniture when she originally purchased it, and the bankruptcy court confirmed Gray–Mapp's Chapter 13 plan on February 12. The plan did not specify the amounts of the claims; it simply guaranteed that Gray–Mapp would pay secured and priority claims at 100% and estimated that she would pay unsecured claims at 100% as well.

Six months later, in August 1998, Gray–Mapp filed this lawsuit. In her complaint, she alleges that Michael Sherman and S & S filed an inflated proof of claim in her Chapter 13 proceeding. Gray–Mapp alleges that under the Bankruptcy Code a claim

is secured only to the extent of the value of the collateral (here, used furniture), that Sherman and S & S knew this, and that they intentionally overvalued their client's secured claim by claiming the entire balance due on the debt, including interest, finance charges, taxes, and credit insurance. Gray–Mapp claims that Sherman and S & S routinely inflate claims on behalf of their clients and that this conduct violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. She asserts claims on her own behalf and on behalf of an as-yet-uncertified class of plaintiffs.

Sherman and S & S have moved to dismiss Gray–Mapp's complaint under Federal Rule of Civil Procedure 12(b)(6). Gray–Mapp asks the Court to deny the motion to dismiss and moves for certification of the proposed class of plaintiffs.

### Discussion

■ Defendants move to dismiss plaintiff's complaint on a number of grounds, most of which are unpersuasive. For example, defendants argue that Gray–Mapp lacks standing to bring this claim and that the claim must be pursued, if at all, by the Chapter 13 trustee. We reject this argument for the reasons explained in *Einoder v. Mount Greenwood Bank (In re Einoder)*, 55 B.R. 319, 323 (Bankr.N.D.Ill.1985) (Chapter 13 trustee's essential role is to review plans, advise the Court with respect to plans and act as a disbursing agent under confirmed plans; trustee has neither the resources nor the incentive to pursue avoidance litigation). It would be unrealistic and impractical to expect the trustee to litigate a fraud claim based on the proof of claim.

Additionally, Michael Sherman argues that he cannot be held personally or individually liable and should therefore be dismissed from the case. At this stage of the game, the Court cannot say that Sherman cannot be held personally liable. Gray–Mapp alleges that he prepared and signed the proof of claim and that he is the sole attorney in his law firm, which specializes in debt collection. These facts may be enough to show that Sherman was intimately involved with the unlawful collection practices of his firm, and that may be enough to hold him personally accountable for those unlawful practices. *See Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 42 F.Supp.2d 797, 804–05 (N.D.Ill.1999).

■ Defendants also argue that the claim is barred by Illinois' litigation privilege and under the doctrine of res judicata. We reject these arguments as well. The litigation privilege, a creation of Illinois state law, cannot bar Gray–Mapp's claim under the FDCPA. *See Steffes v. Stepan Co.,* 144 F.3d 1070, 1074 (7th Cir.1998) ("A state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action.") (citing *Kimes v. Stone,* 84 F.3d 1121, 1127 (9th Cir.1996); *Martinez v. California,* 444 U.S. 277, 284 n. 8, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); *Scheib v. Grant,* 22 F.3d 149 (7th Cir.1994)). Nor does res judicata bar Gray–Mapp's claim, because the claim asserted here was neither raised nor litigated in the bankruptcy court. Gray–Mapp's confirmed Chapter 13 plan does not value S & S's (really Heilig Meyers') claim; the plan simply calls for 100% payment of the secured and unsecured claims.[1]

---

**1.** Although defendants' res judicata argument finds some support in the case law, *see In re Ross,* 162 B.R. 785 (Bankr.N.D.Ill.1993); *Adair v. Sherman,* No. 98 C 3946, 1999 WL 117754, at *2–3 (N.D.Ill. March 1, 1999), we decline to follow these cases. In *Adair,* the question of the correct amount of the proof of claim was actually raised and considered before the bankruptcy court confirmed the debtor's Chapter 13 plan. That is not the case

here. And *Ross* is internally inconsistent because it recognizes on the one hand that an objection to a proof of claim may be filed at any time, 162 B.R. at 788, 789 n. 4, yet holds that the debtor is precluded from objecting to a proof of claim because he failed to object to the claim before the plan was confirmed, *id.* at 789. Other bankruptcy courts in this district have recognized that a debtor may object to a proof of claim at any time, even after the

The real question presented by defendants' motion is whether we should force Gray–Mapp to attack defendants' proof of claim in the bankruptcy court, not because she lacks standing or because her claim is barred by some technicality, but because the Bankruptcy Code provides the exclusive remedy for attacking false or inflated proofs of claim. Two cases are particularly instructive here: *Holloway v. Household Automotive Finance Corp.*, 227 B.R. 501 (N.D.Ill.1998) (Castillo, J.), and *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, No. 98 C 4280, 1999 WL 284788 (N.D.Ill.1999) (Coar, J.).

The facts in both cases are largely the same as the facts in this case. Both involve a Chapter 13 debtor whose confirmed plan provided for payment of 100% of secured claims without actually specifying the amounts of the allowed claims. Both involve an attack on an allegedly inflated proof of claim to which the debtor filed no objection. In *Holloway*, the defendant filed a proof of claim for a secured claim in an amount that exceeded the value of the collateral (a car); the debtor never objected to the claim. Instead, the debtor filed an adversary proceeding in the bankruptcy court on behalf of herself and others similarly situated, alleging that the defendant filed inflated proofs of claim that intentionally misrepresented the value of its collateral. The bankruptcy court dismissed the complaint because it lacked jurisdiction to hear class actions. The debtor then filed her putative class action in the district court, alleging that the defendant violated 11 U.S.C. § 105 and the Illinois Consumer Fraud and Deceptive Practices Act by filing the inflated proofs of claim in the various plaintiffs' Chapter 13 proceedings. Judge Castillo dismissed the complaint because the debtors' claims "depend solely upon, and thus are intricately related to, alleged violations of the Bankruptcy Code"—namely violations of 11 U.S.C. § 506, which allows secured claims only to the extent of the value of the collateral. 227 B.R. at 508. Thus, Judge Castillo held, the Bankruptcy Code, which "provides a comprehensive scheme reflecting a 'balance, completeness and structural integrity that suggests remedial exclusivity,'" preempted any claim of fraud or deceptive practices predicated on state law. *Id.* at 507–08 (quoting *In re Shape, Inc.*, 135 B.R. 707, 708 (Bankr. D.Me.1992); *Periera v. Chapman*, 92 B.R. 903, 908 (C.D.Cal.1988)). In short, the court concluded, the debtor could attack the proof of claim only in bankruptcy court and only by using the remedies provided in the Bankruptcy Code.

In *Baldwin*, the debtor (like Gray–Mapp) opted to attack an allegedly inflated proof of claim in a separate suit in the district court, rather than pursuing an objection or other remedies in the bankruptcy proceedings. Unlike Holloway, Baldwin alleged a violation of federal, not state, law—namely the FDCPA. In ruling on defendant's motion to dismiss, Judge Coar analyzed in detail the language and purposes of the FDCPA and the Bankruptcy Code and noted the conflict between, on the one hand, the desire "to adjudicate and conciliate all competing claims to a debtor's property in one forum and one proceeding"—which is the central purpose of the Bankruptcy Code—and, on the other hand, allowing debtors to bypass the Bankruptcy Code's objection process in favor of pursuing a claim under FDCPA. 1999 WL 284788, at *5. Judge Coar reconciled the conflict by deciding that the FDCPA, like the Consumer Credit Protection Act, is designed to protect debtors from having to file bankruptcy and therefore applies *before* a debtor files for bankruptcy protection. But the FDCPA does not apply to claims arising out of the bank-

---

plan is confirmed. *See In re Church*, No. 96 B 18347, 1998 WL 97691, at *4 (Bankr. N.D.Ill. March 2, 1998) (citing *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir.1992); *In re*

*Kolstad*, 928 F.2d 171, 174 (5th Cir.1991)). *See also In re Holloway*, No. 98 B 4446 (Bankr.N.D.Ill. June 17, 1998) (Wedoff, J.) (transcript of ruling on motion to dismiss).

ruptcy itself; once the debtor is in the bankruptcy court, the debtor's remedies are limited to those provided for in the Bankruptcy Code. *Id.* at *4. Thus, Judge Coar concluded, an FDCPA claim cannot be premised on proofs of claim filed during the bankruptcy proceeding. *Id.* at *6.

The Court finds these cases persuasive. The statutory framework governing bankruptcy proceedings gives Gray–Mapp a means to challenge the proof of claim and to obtain relief from the overvaluation of the collateral, at least with respect to the claims she asserts on her own behalf. Nothing in either the Bankruptcy Code or the FDCPA suggests that a debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting potentially more lucrative claims under the FDCPA. And nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings.

We recognize that our ruling may deprive Gray–Mapp of the ability to pursue class claims and to receive a jury trial. *See Lenior v. GE Capital Corp. (In re Lenior),* 231 B.R. 662, 668 (Bankr.N.D.Ill. 1999) (bankruptcy court is not a forum for the recovery of money that would not be part of the bankruptcy estate of the particular debtor); *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1505–06 (7th Cir.1991) (no right to jury trial in voluntarily-filed bankruptcy proceeding unless, perhaps, claims involve personal injury or wrongful death). *But see Aiello v. Providian Financial Corp (In re Aiello),* 231 B.R. 693, 706 (Bankr.N.D.Ill.1999) (where district court referred class action complaint to bankruptcy court, bankruptcy court had jurisdiction over the class allegations); *In re Grabill Corp.,* 967 F.2d 1152 (7th Cir.1992) (Posner, C.J., dissenting) (question of whether bankruptcy judges should be allowed to conduct jury trials has not been answered by Congress but should be answered "yes"). These concerns, though potentially troubling, carry little weight in this case, however. That brings us to the next point.

The concern that plaintiff would be denied the opportunity to litigate class claims assumes that such claims could actually be maintained under the FDCPA. But Gray–Mapp's class allegations fall far short of establishing the elements of Federal Rule of Civil Procedure 23(a). For example, in an attempt to demonstrate numerosity, Gray–Mapp alleges only that "it is reasonable to infer that the number of class members exceeds the minimum necessary from the use of a standard practice by a firm that represents large creditors in bankruptcy proceedings." Mere conclusory allegations of numerosity and speculation as to class size—which is precisely what we have here—are not enough to satisfy the rule. *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir.1989); *Towers v. City of Chicago,* 979 F.Supp. 708, 724 (N.D.Ill.1997), *cert. denied,* —— U.S. ——, 120 S.Ct. 178, 145 L.Ed.2d 150 (1999) (No. 99–124). Thus the fact that Gray–Mapp will be unable to pursue class claims in the bankruptcy court is of no consequence.

### Conclusion

For the reasons set forth above, defendants' motion to dismiss is granted. Plaintiff's motion for class certification is denied. Judgment will enter dismissing plaintiff's action.