In re SPOOKYWORLD, INC., Debtor.

Spookyworld, Inc., Appellant,

v.

Town of Berlin, Town of Berlin Fire Department, Asst. Fire Chief Duncan Baum, Building Inspector Lawrence Brandt, Town of Berlin Board of Selectmen, Selectmen Valary Bradley, Phillip Bartlett, and David Marble, Appellees.

No. CIV.A. 01–40179–NMG.

United States District Court,
D. Massachusetts.

Jan. 23, 2003.

Gary S. Brackett, Brackett & Lucas, Worcester, MA, Adam J. Brand, Peter J. Camp, Brand & Associates, Wellesley, MA, for Berlin, Town of, David Marble, Duncan Baum, Lawrence M. Brandt, Phillip Bartlett, Robert Tervo, Valary Bradley, Appellees.

Stephen J. Gordon, Stephen Gordon & Associates, Worcester, MA, for Spookyworld Inc., Appellant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The appellant, Spookyworld, Inc. ("Spookyworld"), appeals the August 2, 2001 Order of the Bankruptcy Court which entered summary judgment in favor of the appellees, Town of Berlin, Town of Berlin Fire Department, Asst. Fire Chief Duncan Baum, Building Inspector Lawrence Brandt, Town of Berlin Selectmen Valary Bradley, Phillip Bartlett and David Marble (collectively, "Appellees").

### I. *Factual Background*

Spookyworld, the plaintiff below, is a Massachusetts corporation which operates an amusement park in the Town of Berlin during the month of October each year. It employs more than 500 employees and operates various Halloween haunted houses and amusement rides.

On September 30, 1998, the Town of Berlin Building Inspector, Lawrence M. Brandt, issued certificates of inspection to Spookyworld. One week later Brandt rescinded the certificates for two buildings at Spookyworld, the Simonini House of Horror and the Haunted Mine Shaft, because Spookyworld had failed to install fire sprinklers on those premises. Spookyworld immediately appealed the rescission but failed to close the allegedly unsafe buildings. The Town filed a complaint in state court seeking a temporary restraining order ("TRO") as well as monetary

damages. The state court granted injunctive relief.

In response, Spookyworld filed for bankruptcy protection under Chapter 11 in an effort to continue operations by virtue of the automatic stay. Spookyworld continued to operate but Town officials arrived at the premises on Saturday, October 17, 1998 and insisted on the closure of the buildings. When Spookyworld refused the Town threatened to arrest the violators of the TRO, whereupon Spookyworld ceased operations.

The following week Spookyworld, pursuant to the automatic stay provisions of the Bankruptcy Code, requested the United States Bankruptcy Court to enjoin the Town from continuing to seek relief in state court. The Bankruptcy Court declined to hear the issue on the merits, citing its lack of jurisdiction under the *Rooker–Feldman* doctrine, which precludes lower federal courts from reviewing state court decisions. Thereafter, the state court converted the TRO into a preliminary injunction order and the two subject buildings did not reopen that year.

Spookyworld subsequently filed adversary proceedings against Appellees alleging that they 1) violated the automatic stay provisions of 11 U.S.C. § 362, 2) violated its due process and equal protection rights under 42 U.S.C. §§ 1983 and 1985 and M.G.L. c. 12, §§ 11H and I, 3) defamed it, and 4) interfered with its contractual and prospective business relations. Appellees filed a motion to withdraw the reference on February 23, 1999, which this Court allowed on April 14, 1999 on the condition that all pretrial matters be resolved in the Bankruptcy Court pursuant to MLBR 9015–1(c).

Appellees thereafter moved for summary judgment in the Bankruptcy Court on all of Spookyworld's claims. On August 2, 2001, the Bankruptcy Court entered summary judgment for appellees on Spookyworld's core bankruptcy claim that they had violated the automatic stay provisions of 11 U.S.C. § 362.[1] The Bankruptcy Court also submitted to this Court findings of fact and conclusions of law in support of its recommendation that summary judgment be granted on the remainder of Spookyworld's non-core bankruptcy claims.

Spookyworld timely appealed the Bankruptcy Court's proposed findings of fact and conclusions of law on the non-core claims and entry of summary judgment in favor of Appellees on the core claim. On December 19, 2001 this Court, after *de novo* review, accepted and adopted the Bankruptcy Court's findings of fact and conclusions of law in support of its recommendation that summary judgment be granted on the remainder of Spookyworld's non-core bankruptcy claims (Case No. 99–40033–NMG, Docket No. 8). Spookyworld's appeal from the Bankruptcy Court's entry of summary judgment on the core bankruptcy issue of whether Appellees violated the automatic stay provisions of 11 U.S.C. § 362 is all that remains for this Court to decide.

## II. *Analysis*

### A. Standards of Review

#### 1. District Court Review of Bankruptcy Court Orders

This Court reviews *de novo* the Bankruptcy Court's rulings of law. *In re La-Roche*, 969 F.2d 1299, 1301 (1st Cir.1992).

---

1. In their motion for summary judgement, Appellees argued that the automatic stay issue is a non-core claim but they did not appeal the Bankruptcy Court's finding to the contrary and Spookyworld's appeal does not raise that issue. For purposes of this appeal, therefore, this Court treats as conclusive the Bankruptcy Court's finding that the stay issue is a core claim.

### 2. Summary Judgment Standard

The Bankruptcy Court below granted summary judgment in favor of the Appellees. The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (*quoting Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), which exists only when the non-moving party provides evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists, summary judgment is appropriate.

2. Although the Bankruptcy Court did not consider that argument, this Court is not bound by the rationale of the Bankruptcy Court and may affirm the judgment below on any valid basis for which there is support in the record.

### B. Corporations Have No Claim Under 11 U.S.C. § 362(h).

Spookyworld seeks damages for Appellees' alleged violation of the automatic stay under 11 U.S.C. § 362(h), which provides that,

[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney fees, and, in appropriate circumstances, may recover punitive damages.

Appellees assert several grounds for summary judgment on this claim, the first of which disposes neatly of Spookyworld's claim for damages. They argue that only an individual, not a corporation, may recover damages under § 362(h) for willful violation of the automatic stay and that, therefore, Spookyworld, undisputedly a corporation, is not entitled to relief under that section. That argument is well-taken and the Bankruptcy Court's allowance of summary judgment will be affirmed on that basis.[2]

The Courts of Appeals have split on the question of whether the reference in § 362(h) to an "individual," which the Bankruptcy Code ("the Code") does not define, includes corporations. The Second, Eighth, Ninth and Eleventh Circuits have held that corporations cannot recover under that section. *See In re Just Brakes Corporate Sys., Inc.*, 108 F.3d 881, 884 (8th Cir.1997); *In re Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1550 (11th Cir.1996); *In re Goodman*, 991 F.2d 613, 619 (9th Cir. 1993); *In re Chateaugay Corp.*, 920 F.2d 183, 185 (2d Cir.1990). The Third and Fourth Circuits have held that corporations can recover under § 362(h). *See In*

*Cf. Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 10 (1st Cir.2000) (stating the foregoing proposition in connection with the appellate court's review of a district court decision).

re Atl. Bus. & Cmty. Corp., 901 F.2d 325, 329 (3d Cir.1990); Budget Serv. Co. v. Better Homes of Va., Inc., 804 F.2d 289, 292 (4th Cir.1986). The apparent trend is to hold that a corporation does not qualify as an "individual" within the meaning of § 362(h). In fact, since the Second Circuit first held in 1990 that a corporation is not an "individual" no circuit court addressing the question for the first time has held otherwise. See Just Brakes, 108 F.3d at 884; Jove, 92 F.3d at 1550; Goodman, 991 F.2d at 619.

The First Circuit Court of Appeals has yet to address the issue but district and bankruptcy courts in this Circuit have held that corporations have no claim for relief under § 362(h). See, e.g., In re A & J Auto Sales, 223 B.R. 839, 844 (D.N.H.1998) (affirming bankruptcy court's decision holding that § 362(h) does not allow a corporate debtor to recover damages caused by a willful violation of the automatic stay); In re Shape, Inc., 135 B.R. 707, 708 (Bankr.D.Me.1992) (holding that § 362(h) does not allow a corporate debtor to recover damages caused by a willful violation of the automatic stay); In re American Chem. Works Co., 235 B.R. 216, 220 (Bankr.R.I.1999) (same).

The courts which have found § 362(h) inapplicable to corporate debtors logically begin their analysis with a plain meaning approach to the text of the statute. See, e.g., Just Brakes, 108 F.3d at 884–84; Jove, 92 F.3d at 1550–52; Chateaugay, 920 F.2d at 184–86; see also United States v. Ron Pair Enters., 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the [Code].").

In Ron Pair, the Supreme Court held that when interpreting the Bankruptcy Code, courts should determine the plain meaning of the statutory language. Ron Pair, 489 U.S. at 242, 109 S.Ct. 1026. The plain meaning of the language used is "conclusive," except in rare cases not applicable here. Id. The plain meaning of the word "individual" does not ordinarily include a corporation. Jove, 92 F.3d at 1550–51 (citing Webster's New Collegiate and Black's Law dictionaries). Thus, corporations such as Spookyworld presumptively are not entitled to relief under § 362(h).

Interpreting "individual" in § 362(h) to exclude corporations is "coherent and consistent" with the rest of the Code and there is thus no need "to inquire beyond the plain language of the statute." Ron Pair, 489 U.S. at 240–41, 109 S.Ct. 1026. In fact, it is clear that Congress intended the plain meaning to control. First, the definitional provision of the Code, § 101, contains at least 67 detailed definitions, yet "individual" is not among them. 11 U.S.C. § 101. Had Congress intended "individual" to include entities not contemplated within its plain meaning, surely it could have made that clear. But see Better Homes, 804 F.2d at 292 ("[I]t seems unlikely that Congress meant to give a remedy only to individual debtors ... as opposed to debtors which are corporations ....").

Second, the term "person" is defined to include "individual, partnership, and corporation." 11 U.S.C. § 101(41). This is a clear implication that corporations do not fall within the discrete category of "individuals," whatever they may be. See Jove, 92 F.3d at 1551; Chateaugay, 920 F.2d at 184. Similarly, some provisions of the Code treat "persons" and "individuals" differently. See Chateaugay, 920 F.2d at 184 (citing § 109, which applies in some circumstances to "persons" and in others to "individuals").

Third, the Code defines the term "corporation" in part as an "association having a power or privilege that a private corporation, *but not an individual* or partnership, possesses." 11 U.S.C. § 101(9)(A)(9)(i) (emphasis added). It would be internally inconsistent to read "individual" as including corporations when the Code clearly defines corporations as having powers and privileges that individuals do not.

Fourth, the Code defines a "relative" as an "*individual* related by affinity or consanguinity within the third degree as determined by the common law, or [an] *individual* in a step or adoptive relationship within such third degree." 11 U.S.C. § 101(45) (emphasis added). Surely a corporation cannot be, as can individuals, related by affinity or consanguinity or exist within a step or adoptive relationship. *See Chateaugay*, 920 F.2d at 184–85.

Based on the foregoing analysis, this Court concludes that § 362(h) does not authorize corporations to seek damages for willful violations of the automatic stay provisions of § 362. Summary judgment against Spookyworld was therefore properly entered because it is undisputed that Spookyworld is a corporation.

## C. Conclusion

Because Spookyworld, as a corporate debtor, is not entitled to damages under § 362(h) regardless of whether Appellees violated the stay, and because Spookyworld does not request injunctive relief in connection with its allegation that Appellees violated the automatic stay provision of the Code, there is no genuine issue of material fact that precludes this Court from affirming the Bankruptcy Court's entry of summary judgment in Appellees' favor.

## ORDER

For the foregoing reasons, the August 2, 2001 order of the Bankruptcy Court entering summary judgment in favor of Appellees is **AFFIRMED.**

So ordered.