Maria **NECCI**, Plaintiff,

v.

**UNIVERSAL FIDELITY CORPORATION,**
Defendant.

No. CV 02–5536.

United States District Court,
E.D. New York.

Aug. 4, 2003.

---

Katz & Kleinman, PLLC, By Lawrence Katz, Esq., Uniondale, NY, for Plaintiff.

Kimberly Soard, Esq., Houston, TX, for Defendant Universal Fidelity Corporation.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action commenced by Plaintiff Maria Necci ("Plaintiff") asserting that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and attorneys' fees pursuant to 15 U.S.C. § 1692(k)(a)(3). Named as defendant is Universal Fidelity Corporation ("Universal" or "Defendant"), a collection agency.

Presently before the Court is Universal's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

### I. Factual Background

Plaintiff purchased a car and incurred a debt with Mazda American Credit. That debt became delinquent on February 12, 1998, in the amount of $1004.82. Approximately two years later, Plaintiff filed for bankruptcy relief. Plaintiff's debt was discharged on June 12, 2000.

On October 5, 2001, despite the discharge of the debt in bankruptcy, Mazda American Credit placed Plaintiff's account for collection with Universal. Universal sent a letter dated October 19, 2001, seeking to collect upon the discharged debt (the "Collection Letter"). The Collection Letter stated that Universal was authorized by the creditor to make a "special settlement offer" to Plaintiff and that Plaintiff must act within ten days to take advantage of the offer. Shortly after receipt of the Collection Letter, Plaintiff filed the Complaint in this action alleging various violations of the FDCPA.

### II. The Allegations of the Complaint

Plaintiff alleges that the Collection Letter violates the FDCPA in various respects. Specifically, Universal is alleged to have violated the FDCPA by attempting to collect a debt properly scheduled for bankruptcy discharge. This attempted collection is alleged to violate 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10). Section 1692e states in general terms, that it is unlawful for a debt collector to "use

any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) makes it specifically unlawful to falsely represent "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692e(5) makes it unlawful to threaten to "take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Finally, Section 1692e(10) makes it unlawful to use any "false representation or deceptive means to collect or attempt to collect any debt..." 15 U.S.C. § 1692e(10).

### III. *Universal's Motions for Dismissal and Summary Judgment*

In support of its motion to dismiss, Universal argues that an action pursuant to the FDCPA does not lie, where, as here, the action alleges an effort to collect a debt discharged in bankruptcy. According to Universal, the proper forum for the violation Plaintiff alleges is a motion for contempt addressed to the bankruptcy court. Such a motion would allege a violation of the bankruptcy stay and seek an order requiring the cessation of all collection efforts. It is argued that allowing a claim under the FDCPA would permit Plaintiff to circumvent the comprehensive scheme of the bankruptcy code, which statute provides Plaintiff with any and all relief to which she is due.

Universal further argues that even if this Court finds that Plaintiff's complaint is properly filed, the Collection Letter did not violate the FDCPA. It therefore moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of this motion, Universal argues that Plaintiff has not satisfied the definition of a "debt" under the FDCPA. Universal further argues that even if a "debt" is held to exist, the Collec-

tion Letter contained all of the notices and legal provisions required on a first collection notice, and that there is nothing in the Collection Letter that violates the FDCPA.

After outlining the applicable law, the Court will turn to the merits of the motions.

### DISCUSSION

#### I. *Standards Applicable to Motions to Dismiss and for Summary Judgment*

A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). When ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College*, 128 F.3d 59, 62 (2d Cir.1997). It is not for the court to "weigh the evidence that might be presented at trial; the Court must merely determine whether the complaint itself is legally sufficient..." *Rodolico v. Unisys Corp.*, 96 F.Supp.2d 184, 186 (E.D.N.Y.2000).

When considering a motion to dismiss for failure to state a claim, the court can consider the facts as set forth in the complaint, documents attached thereto and those incorporated in the complaint by reference. *Stuto v. Fleishman*, 164 F.3d 820, 826 n. 1 (2d Cir.1999); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Such consideration includes documents of which plaintiff had notice "and which were integral to their claim... even though those documents were not incorporated into the complaint by reference."

*Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Cortec Indus. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991).

Summary judgment is appropriate if there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). On motions for summary judgment the court will not try issues of fact, but will determine only if there are issues to be tried. *See Donahue v. Windsor Locks Bd. of Fire Commissioners,* 834 F.2d 54, 55 (2d Cir.1987).

## II. *Effect of the Bankruptcy Code on Plaintiff's FDCPA Claim*

 As noted, Defendant's primary argument in support of dismissal is the contention that the bankruptcy code precludes litigation of FDCPA claims premised upon violations of the stay set forth in section 524 of the bankruptcy code ("Section 524"). *See* 11 U.S.C. § 524(a)(2). It is noted that Section 524 operates as an injunction prohibiting creditors from all collection efforts. The remedy provided by the bankruptcy code for a violation of the stay is a motion for contempt pursuant to section 105 of the bankruptcy code. ("Section 105"). *See* 11 U.S.C. § 105(a). Universal further notes that the remedies available in connection with a motion for contempt include injunctive relief and an award of actual damages. Because the bankruptcy code thus addresses the same issues sought to be addressed by an action commenced pursuant to the FDCPA, it is argued that allowing a FDCPA action to proceed upsets the orderly procedure set forth in the bankruptcy code.

While courts that have addressed the issue of preclusion of FDCPA claims based upon an alleged violation of the bankruptcy stay are divided, the majority view holds that a FDCPA claim is not available in such cases. *See, e.g., Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2001) (finding preclusion); *Wehrheim v. Secrest,* 2002 WL 31242783 (S.D.Ind. Aug.16, 2002) (same); *Degrosiellier v. Solomon & Solomon, P.C.,* 2001 WL 1217181 (N.D.N.Y. Sept.27, 2001) (same); *Diamante v. Solomon & Solomon, P.C.,* 2001 WL 1217226 (N.D.N.Y. Sept.18, 2001) (same); *Gray–Mapp v. Sherman,* 100 F.Supp.2d 810 (N.D.Ill.1999) (same); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.,* 1999 WL 284788 (N.D.Ill. Apr.26, 1999) (same). *But see, Peeples v. Blatt,* No. 2001 WL 921731 (N.D.Ill. Aug. 15, 2001) (finding no preclusion); *Wagner v. Ocwen Fed. Bank, FSB,* No. 99 C 5404, 2000 WL 1382222 (N.D.Ill. Aug.28, 2000) (same).

In *Walls v. Wells Fargo Bank,* 276 F.3d 502 (9th Cir.2001), the only Circuit Court of Appeal to decide the issue before the court, held that the sole remedy for a violation of the discharge injunction was under the bankruptcy code and the debtor could therefore not pursue a simultaneous claim under the FDCPA. *Id.* at 510–511. Accordingly, despite the plaintiff's claim that an attempt to collect a debt discharged in bankruptcy constituted an unfair collection practice in violation of the FDCPA, the Ninth Circuit dismissed the action.

In *Walls,* as here, the defendant was alleged to have violated the FDCPA by attempting to collect a discharged debt. Recognizing that Walls's FDCPA claim was based on an alleged violation of Section 524, the Ninth Circuit reasoned that the bankruptcy code provides its own remedy for a violation of that section. That remedy was noted to be a motion for civil contempt under Section 105. *Walls,* 276 F.3d at 510. Explaining the bankruptcy procedure, the Ninth Circuit noted that Section 524 provides, in pertinent part,

that a discharge operates as an injunction "against, *inter alia,* the commencement or continuation of an action to collect any such debt." *Walls,* 276 F.3d at 506. The court noted further that Section 105 gives the bankruptcy court the power to issue "... any order, process or judgment that is necessary or appropriate to carry out the provisions" of the code. *Id.*

Allowing Walls to proceed with a private right of action under the FDCPA would, in the view of the Ninth Circuit, circumvent the remedial scheme of the bankruptcy code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for a violation of the discharge injunction, to a Section 105 motion for contempt. *Walls,* 276 F.3d at 510. While the court recognized that one of the FDCPA's purposes is to avoid bankruptcy, it was held that, if bankruptcy nevertheless occurs, the debtor's protections and remedies lie exclusively within the bankruptcy code. *Id.*

Similarly, the District Court for the Southern District of Indiana has recently held that a FDCPA claim premised on a debt discharged in bankruptcy is not available. *Wehrheim v. Secrest,* 2002 WL 31242783, (S.D.Ind. Aug.16, 2002). In *Wehrheim,* the court reasoned that if the plaintiff were allowed to pursue her FDCPA claim based on a violation of Section 524, the court would have to decide whether the debt at issue had been discharged in bankruptcy. *Id.* at *8. This would require the district court to decide bankruptcy questions better and more properly handled by the bankruptcy court. *Id.* Joining the majority of courts facing the issue, the court dismissed the FDCPA claim. *Id.* at *6.

Closer to home, the District Court for the Northern District of New York has also held that a FDCPA claim is not avail-able for cases premised upon an attempt to collect a debt discharged in bankruptcy. *See Diamante v. Solomon & Solomon, P.C.,* 2001 WL 1217226 at *6 (N.D.N.Y. Sept.18, 2001) (concluding that those cases holding that the Bankruptcy Code precludes claims under the FDCPA when those claims are based upon violations of the Bankruptcy code are more persuasive); *Degrosiellier v. Solomon & Solomon, P.C.,* No. 00–CV–1065, 2001 WL 1217181 at *5 (N.D.N.Y. Sept.27, 2001) (same).

In *Diamante,* as in other cases, courts have found support for their holdings in the decision of the United States Supreme Court in *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). In *Kokoszka,* the Supreme Court was called upon to make a decision between conflicting principals of the Consumer Credit Protection Act (the "CCPA"), the predecessor statute to the FDCPA, and bankruptcy law. There, the Supreme Court held that the garnishment limiting provisions of the CCPA could not be relied upon to upset the bankruptcy trustee's decision to treat an income tax refund as property of the estate. In support of its holding, the Supreme Court noted that while the CCPA sought to prevent consumers from entering bankruptcy, if bankruptcy did occur, the debtor's protections and remedies lied exclusively within the bankruptcy act, (the predecessor to the bankruptcy code). *Kokoszka,* 417 U.S. at 650, 94 S.Ct. 2431; *Diamante,* 2001 WL 1217226 at *4 (citing *Kibler v. WFS Fin., Inc.,* 2000 WL 1470655 (C.D. Cal. Sept 13, 2000) at *9). Thus, the Court refused to allow plaintiff to rely on the CCPA to set aside a decision made by the trustee.

The FDCPA is the successor statute to the CCPA. Both statutes share the purpose of protecting consumers form unfair practices. However, as held in *Kokoszka,* those who have entered bankruptcy pro-

ceedings must find all protections and remedies within the confines of bankruptcy law. When dismissing FDCPA claims in reliance on *Kokoszka*, it is reasoned that if Congress did not intend that the CCPA interfere with the bankruptcy scheme, it similarly intended no interference by the FDCPA. Thus, *Kokoszka* provides analogous Supreme Court precedent for holding that an FDCPA claim based upon a violation of Section 524 is barred on the ground that the consumer's remedies in such situations lie exclusively within the bankruptcy code.

The lone jurisdiction taking a different view is the Northern District of Illinois. Two cases decided there have held that a FDCPA claim premised on the collection of a debt discharged in bankruptcy may go forward. *See Peeples v. Blatt*, 2001 WL 921731 (N.D.Ill. Aug.15, 2001); *Wagner v. Ocwen Fed. Bank, FSB*, 2000 WL 1382222 (N.D.Ill. Aug. 28, 2000). Even in that district, however, there is disagreement. At least three cases there have sided with the majority view and held that an FDCPA claim based upon a violation of Section 524 may not go forward. *See Randolph v. IMBS, Inc.*, 288 B.R. 524, 525 (N.D.Ill.2003); *Gray–Mapp v. Sherman*, 100 F.Supp.2d 810 (N.D.Ill.1999); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788 (N.D.Ill. Apr.26, 1999) (same).

While no court in the Eastern District of New York has ruled on the issue in this case, support for the majority view lies in the case of *Arroyo v. Solomon and Solomon, P.C.*, 2001 WL 1590520 (E.D.N.Y. Nov.16, 2001). *Arroyo* held that a violation of the Higher Education Act (the "HEA") can form the basis of a lawsuit pursuant to the FDCPA. That holding, however, was specifically distinguished from FDCPA cases alleging a violation of the bankruptcy stay. In *Arroyo*, the court contrasted the remedies available under the HEA with those available under the bankruptcy code. A FDCPA claim alleging a violation of the HEA was allowed to go forward primarily because damages are unavailable under the HEA. In contrast, the bankruptcy court has the power to award damages to compensate plaintiffs for losses incurred by a Section 524 violation. *Id.* at *8. Thus, the court noted, albeit in dicta, that a plaintiff cannot assert a claim for damages under the FDCPA when the bankruptcy code does not provide for it. *Id.* (citing *Kibler*, 2000 WL 1470655 at *9).

Upon consideration of the different views on the issue presented, the Court agrees with the majority and concludes that the bankruptcy code precludes claims under the FDCPA when those claims are based upon violations of the bankruptcy stay. The Court is persuaded that this is the better view primarily by the fact that Section 524 provides for a specific remedy, contempt, for violations of that provision. To permit Plaintiff to circumvent that provision and its remedy by bringing a claim under the FDCPA would directly contravene the bankruptcy code's remedial scheme. Furthermore, if the minority view is adopted, the bankruptcy code's remedy for violations of Section 524 would likely be rendered superfluous. This is because, in most cases, the plaintiff would choose the potentially more lucrative remedies found in the FDCPA. For all these reasons, the Court concludes that the bankruptcy code precludes Plaintiff's FDCPA claim. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's FDCPA claim.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. The Clerk

of the Court is directed to terminate the motion and to close this case.

SO ORDERED