In re Elaine ABRAMSON, Debtor.

Elaine Abramson, Kim Marie Kierzek and Thomas R. and Therese A. Chulick, for themselves and as Representatives of a Class of PA Citizens who were in Default on their Respective Residential Mortgages and who filed Petitions for Relief Under Chapter 13 of the Bankruptcy Code, Plaintiffs,

v.

Federman & Phelan, LLP, Defendant.

Bankruptcy No. 01–10285.
Adversary No. 03–1173.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 18, 2004.

Stephen H. Hutzelman, Esq., Erie, PA, for Plaintiffs.

Daniel S. Bernheim, Esq., Philadelphia, PA, for Defendant.

Ronda J. Winnecour, Esq., Pittsburgh, PA, Chapter 13 Trustee.

## Opinion

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

Plaintiffs, Elaine Abramson ("Abramson"), Kim Marie Kierzek ("Kierzek"), and Thomas R. and Therese A. Chulick ("Chulick") (collectively "Plaintiffs") bring this putative class action alleging that the Defendant law firm, Federman & Phelan, LLP ("Federman") has violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* which incorporates the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* (collectively "FDCPA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 *et seq.* ("Consumer Protection Law"). Before the Court is Federman's Motion to Dismiss the Complaint.

### Standard for Motion to Dismiss

"In considering a motion to dismiss, a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences from those facts in favor of plaintiffs." *Lum v. Bank of America*, 361 F.3d 217, 223 (3rd Cir.2004) citing *Moore v. Tartler*, 986 F.2d 682, 685 (3rd Cir.1993). "A court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Lum* at 223 citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In the present case, even accepting the allegations in the complaint as true and drawing every reasonable inference in favor of the Plaintiffs, they have failed to adequately plead a case under the Pennsylvania Fair Credit Extension Uniformity Act, the Fair Debt Collection Practices Act or the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

### Factual Allegations

Each of the Plaintiffs are Debtors in cases proceeding under Chapter 13 of the Bankruptcy Code intending, *inter alia,* to cure mortgage defaults on their residential mortgages. Federman, acting as a debt collector representing the mortgagees in each case, filed proofs of claim which overstated the mortgage arrears as part of a course of conduct in which mortgage arrears are regularly overstated.

In the Abramson case, Federman filed a proof of claim on behalf of First Union Home Equity Bank, N.A. which included a prepetition arrearage in the amount of $14,537.97. Abramson objected to the proof of claim. Thereafter, Federman filed an amended proof of claim which reduced the amount of the arrearage to $11,363.61. Upon the filing of the amended proof of claim, Abramson withdrew the objection to claim.

In the Kierzek case, Federman filed a proof of claim on behalf of Aegis Mortgage Corporation d/b/a UC Lending which included a prepetition arrearage in the amount of $15,987.59. Kierzek objected to

the proof of claim. Thereafter, Federman filed an amended proof of claim which reduced the amount of the arrearage to $11,296.46. Upon the filing of the amended proof of claim, Kierzek withdrew the objection to claim.

In the Chulick case, Federman filed a proof of claim on behalf of Mortgage One Service Corporation which included a pre-petition arrearage in the amount of $10,400.82. Chulick objected to the proof of claim. Thereafter, Federman filed an amended proof of claim which reduced the amount of the arrearage to $9,177.14. Upon the filing of the amended proof of claim, Chulick withdrew the objection to claim.

In the present complaint, Chulick states that the amended proof of claim includes charges which are excessive, not actually incurred, and/or not the responsibility of Chulick. Chulick states that they "are at this time objecting to the amended proof of claim."

### Positions of the Parties

The Plaintiffs, for themselves, and as representatives of a putative class, posit that Federman's regular course of conduct of filing proofs of claim in bankruptcy cases in which mortgage arrears are regularly overstated, is a violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* which incorporates the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* and assert that Plaintiffs and the other affected class members are entitled to damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201–9.2.

Federman asserts that the Bankruptcy Code preempts the FDCPA and the Consumer Protection Law and that, accordingly, no cause of action can arise under the FDCPA or the Consumer Protection Law

out of the filing of a proof of claim in the Bankruptcy Court.

Additionally, and in the alternative, Federman asserts that it, as counsel filing pleadings with the Bankruptcy Court, has absolute judicial privilege for the contents of its proofs of claim.

### Discussion

■ Bankruptcy proceedings are governed by "the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code" which "create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 913 (9th Cir.1996); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark L.L.C.,* 1999 WL 284788 at *4 (N.D.Ill.1999).

The vast majority of courts that have addressed the issue of the Bankruptcy Code's effect on a plaintiff's state law claims have held that the Bankruptcy Code preempts state law claims that are based upon allegations that the defendant violated the Bankruptcy Code. *Diamante v. Solomon & Solomon, P.C.,* 2001 WL 1217226 (N.D.N.Y.2001) (and cases cited therein); *Raymark Industries, Inc. v. Baron,* 1997 WL 359333 at *9–11 (E.D.Pa. 1997); *Shiner v. Moriarty,* 706 A.2d 1228, 1237–38 (Pa.Super.1998), *appeal denied,* 556 Pa. 711, 729 A.2d 1130 (1998).

■ One of the fundamental purposes of the bankruptcy system is to adjudicate and conciliate all competing claims to a debtor's property in one forum. *Gray–Mapp v. Sherman,* 100 F.Supp.2d 810, 813 (N.D.Il.1999); *Holloway v. Household Automotive Finance Corp.,* 227 B.R. 501, 507–08 (N.D.Ill.1998); *In re Shape, Inc.,* 135 B.R. 707, 708 (Bankr.D.Me.1992).

■ We agree with the numerous courts that have concluded that, once a debtor is in bankruptcy court, the debtor's remedies to attack an allegedly inflated proof of claim are limited to those provided for in the Bankruptcy Code. *Baldwin,* 1999 WL 284788 at *4; *Gray–Mapp,* 100 F.Supp.2d at 813–14; *Holloway,* 227 B.R. at 507–08; *In re Sims,* 278 B.R. 457 (Bankr. E.D.Tenn.2002); *In re Cooper,* 253 B.R. 286 (Bankr.N.D.Fla.2000).

Accordingly, we find that the within Complaint seeking damages under the FDCPA and Consumer Protection Law must be dismissed.[1]

Dismissal does not necessarily leave the Plaintiffs without a remedy if, as alleged, Defendant Federman "filed proofs of claim which overstated the mortgage arrears as part of a course of conduct in which mortgage arrears are regularly overstated." The remedy for allegedly inflated claims is through the objection process and, if necessary, through Rule 9011 or the equitable powers of the Bankruptcy Court set forth in Section 105 of the Bankruptcy Code.

■ Rule 9011 provides that every pleading in bankruptcy, except for specified statements and schedules, must be signed by counsel or an unrepresented party. Fed.R.Bankr.P. 9011(a). The execution represents *inter alia* that the signer has determined through inquiry that the allegations have a factual basis. Rule 9011(b). This rule applies to claims filed in bankruptcy. *In re Knox,* 237 B.R. 687, 699 (Bankr.N.D.Ill.1999).

An appropriate Order will be entered.

1. Although we dismiss the Complaint, Chulick may file a further objection to claim to the extent that the Debtor wishes at this time to object to the amended proof of claim. We make no determination whether such an objection would be barred by prior settlement of the matter. Likewise, we make no determination as to the appropriateness of a class action or class certification and do not address Federman's defense of absolute judicial privilege.

*ORDER*

This 18 day of August, 2004, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the within Complaint is DISMISSED.