**In re Stanley R. GILLILAND.**

**Stanley R. Gilliland, Plaintiff**

**v.**

**Capital One Bank, Tsys Debt Management, Defendants.**

**Bankruptcy No. 07–11392–DWH.
Adversary No. 07–1089–DWH.**

United States Bankruptcy Court,
N.D. Mississippi.

Jan. 31, 2008.

William L. Fava, Mitchell & Cunningham, Southaven, MS, for Plaintiff.

Jarrett L. Hale, Steven T. Holmes, Dallas, TX, for Defendants.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a Motion for Judgment on the Pleadings filed by Capital One Bank ("Capital One") and TSYS Debt Management, Inc., ("TSYS"); response to said motion having been filed by the plaintiff/debtor, Stanley R. Gilliland; and the court, having heard and considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O).

### II.

The debtor previously filed a Chapter 7 bankruptcy case pursuant to Chapter 7 of the Bankruptcy Code on October 2, 2000. Capital One was a creditor of the debtor as of the petition date. The debtor was granted a discharge in this case on January 29, 2001.

On April 26, 2007, the debtor filed the above captioned bankruptcy case pursuant to Chapter 13 of the Bankruptcy Code. The debtor scheduled Capital One as a creditor in this second case as being owed an indebtedness of $2,800.00. On May 4, 2007, TSYS, purporting to be an independent contractor authorized to file claims on behalf of Capital One, filed two proofs of claim. One claim reflected an indebtedness owed in the amount of $43,396.49, and the other an indebtedness owed in the amount of $3,007.73.

The debtor filed a complaint on June 7, 2007, seeking actual and punitive damages from TSYS and Capital One, asserting that the filing of the proof of claim in the amount of $43,396.49 constituted a willful and egregious violation of the discharge injunction issued in the previous Chapter 7 case. He also asserted violations of the Federal Rules of Bankruptcy Procedure and violations of the Fair Debt Collection Practices Act. The debtor did not object to the proof of claim filed on Capital One's behalf in the amount of $3,007.73. On July 10, 2007, TSYS withdrew the $43,396.49 proof of claim on the basis that it was subject to the prior bankruptcy discharge, and on July 11, 2007, it withdrew the $3,007.73 proof of claim. TSYS and Capital One then filed this motion for judgment on the pleadings.

### III.

The court is of the opinion that judgment should be granted in favor of TSYS and Capital One as to Count IV of the complaint which asserts violations of the Fair Debt Collection Practices Act. A "FDCPA claim cannot be premised on proofs of claim filed during the bankruptcy proceeding." *Gray–Mapp v. Sherman,* 100 F.Supp.2d 810, 813 (N.D.Ill.1999). The *Gray–Mapp* case is factually similar to this case. In *Gray–Mapp,* the creditor filed a secured proof of claim in the debtor's bankruptcy case. In response, the debtor filed a complaint pursuant to the Fair Debt Collection Practices Act alleging that the creditor inflated the amount of the debt on the proof of claim. The defendant's motion to dismiss for failure to state a claim was granted by the court. The court stated that "once the debtor is in bankruptcy court, the debtor's remedies are limited to those provided in the Bankruptcy Code." *Id.* at 814. "Nothing in either the Bankruptcy Code or the FDCPA suggests that the debtor should be permitted to bypass the procedural safeguards in the Code in favor of assert-

ing potentially more lucrative claims under the FDCPA. And nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings." *Id. See also, Shortsleeve v. Centurytel of Ala., LLC (In re Shortsleeve),* 349 B.R. 297 (Bankr. M.D.Ala.2006); *Mogg v. Consumer Collection Mgmt., Inc. (In re Mogg),* No. 05-34066, 2007 WL 2608501, *3, 2007 Bankr.LEXIS 3085, at *8 (Bankr.S.D.Ill. Sept.5, 2007); *Csonder v. Weinstein, Treiger & Riley, P.S. (In re Csonder),* 309 B.R. 124, 129–30 (Bankr.E.D.Pa.2004); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65, 68 (Bankr.D.Colo.2000); *Mogg v. Midwest Collection Servs. (In re Mogg),* No. 07–3076, 2007 WL 2608501, at *3 (Bankr.S.D.Ill., Sept.5, 2007); *Buckingham v. Baptist Mem.'l Hospital-Golden Triangle,* 283 B.R. 691 (N.D.Miss.2002); and *In re Goldstein,* 201 B.R. 1, 4–5 (Bankr.D.Me.1996).

## IV.

As to the remaining counts in the complaint, the court is of the opinion that TSYS and Capital One are not entitled to a judgment on the pleadings. "[T]he court may not dismiss the complaint under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kane Enterprises v. MacGregor (USA) Inc.,* 322 F.3d 371, 374 (5th Cir.2003), *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The standard for dismissal under Rule 12(c) is the same as that for failure to state a claim under Rule 12(b)(6). We accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004).

As to Counts I–III of the complaint, the court is not in a position to state that the debtor is not entitled to relief under any set of facts that he could prove consistent with the complaint. The motion for a judgment on the pleadings is not well taken as to Counts I–III of the complaint, and will be overruled as to those counts. The motion will be sustained as to Count IV.

An order, consistent with this opinion, shall be entered contemporaneously herewith.