**Jeanette RANDOLPH, Plaintiff,**

**v.**

**IMBS, INC., Defendant.**

**No. 02 C 6368.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 4, 2003.

David J. Philipps, Mary Elizabeth Philipps, Gomolinski & Phillips, Ltd., Hickory Hills, IL, for plaintiff.

David Matthew Schultz, Jennifer Louise Wigington, Hinshaw & Culbertson, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Jeanette Randolph filed a Chapter 7 bankruptcy petition on May 2, 2002. Among the debts listed on Ms. Randolph's bankruptcy petition was a debt allegedly owed to a creditor called PESI

Emergency Physicians ("PESI"). Both PESI and defendant IMBS, Inc. ("IMBS"), a debt collector, were notified of the bankruptcy petition.

On July 30, 2002, IMBS sent Ms. Randolph a form debt collection letter seeking payment on the PESI debt. On August 20, 2002, the PESI debt was discharged in bankruptcy, and on September 9, 2002, Ms. Randolph filed the present suit, alleging that IMBS violated the Fair Debt Collection Practices Act ("FDCPA") by sending the collection letter. IMBS has moved to dismiss the claim on the grounds that the Bankruptcy Code precludes a private action under FDCPA. I grant the motion.

There is no question that the collection activity Ms. Randolph complains of was a violation of the automatic stay issued by the Bankruptcy Court, and that she might have pursued a contempt action in that court. Yet, Ms. Randolph has chosen instead to bring suit under the FDCPA, a federal statute which governs debt collection practices generally. The Seventh Circuit has not specifically ruled on whether FDCPA suits for post-bankruptcy collection activity are allowable, and district court authority in the circuit is strongly divided on the question.

The most informative Seventh Circuit opinion in this area is *Cox v. Zale Delaware Inc.*, 239 F.3d 910 (7th Cir.2001). There, the plaintiff debtor sought relief in district court for alleged violations of section 524(c) of the Bankruptcy Code, which requires debt reaffirmation agreements to be filed with the Bankruptcy Court in order to be enforceable. The court held that "a suit for violation of section 524(c) can be brought only as a contempt action ... since the debtor would be seeking to enforce the order of discharge issued in that [bankruptcy] proceeding." *Id.* at 917. Thus, the court appeared to express a preference for resolving discharge-related

issues in the Bankruptcy Court. However, as the FDCPA is a federal law which appears to independently grant a right of action to debtors who are subjected to inappropriate collection activity, *Cox* does not provide a definitive answer in the instant case.

Since the *Cox* decision was issued, at least two district court judges have permitted FDCPA claims where the plaintiff had an available remedy in the Bankruptcy Court, reasoning that where two federal laws appear to cover the same ground, it is preferable to give effect to both. *Peeples v. Blatt*, No. 00-7028, 2001 WL 921731, at *4, 2001 U.S. Dist. LEXIS 11869, at *13 (N.D.Ill. Aug. 14, 2001) (Gottschall, J.); order denying summary judgment, *Hyman v. Tate & Kirlin*, No. 02-242 (N.D.Ill. Nov. 1, 2002) (Kennelly, J.). But I am persuaded by the reasoning of Judge Lefkow in *Bolen v. Bass*, No. 97-3944, 2001 WL 1249058, 2001 U.S. Dist. LEXIS 16964 (N.D.Ill. Oct. 17, 2001). One goal of the Bankruptcy Code, expressed in *Cox*, is to consolidate related issues in one proceeding. Recognizing a right of action under the FDCPA in cases where the Bankruptcy Court offers an adequate remedy would "interfere with the Bankruptcy Code's comprehensive bankruptcy scheme." *Bolen*, 2001 WL 1249058, at *3, 2001 U.S. Dist. LEXIS 16964 at *15. *See also Wehrheim v. Secrest*, No. 00-1328, 2002 WL 31242783, at *6, 2002 U.S. Dist. LEXIS 19020, at *19 (S.D.Ind. Aug. 16, 2002) (Tinder, J.) (holding that *Cox* precludes private suits under the FDCPA that might be pursued in the Bankruptcy Court).

Defendant's motion to dismiss is GRANTED.