**Jennifer J. CROSS, Plaintiff,**

v.

**RISK MANAGEMENT ALTERNATIVES, INC., Defendant.**

**No. 02 C 8136.**

United States District Court, N.D. Illinois. Eastern Division.

Aug. 8, 2003.

David J. Philipps, Mary Elizabeth Philipps, Gomolinski & Phillips, Ltd., Hickory Hills, IL, for Plaintiff.

Wilber H. Boies, Geoffrey A. Vance, Amy Graham Doehring, McDermott, Will & Emery, Chicago, IL, John T. Schriver, Trent P. Cornell, Duane Morris, LLC, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Jennifer J. Cross filed a Chapter 7 petition for bankruptcy on March 22, 2002. Ms. Cross' creditors were notified of this proceeding, which resulted in a discharge of Ms. Cross' debts on July 8, 2002. On June 24, 2002, while the bankruptcy was pending, defendant Risk Management Alternatives, Incorporated ("RMA"), which represented one of Ms. Cross' creditors, sent Ms. Cross a letter, seeking to collect a discharged debt. On November 12, 2002, Ms. Cross filed this case, alleging that RMA's letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* Specifically, Ms. Cross alleged that RMA's attempt to collect a discharged debt was false, deceptive or misleading, and unfair or unconscionable, in violation of §§ 1692e and f of the FDCPA, and that in sending the letter directly to Ms. Cross rather than to her counsel, RMA violated § 1692c(a)(2) of the FDCPA. RMA now moves for judgment on the pleadings pursuant to Rule 12(c) on the grounds that this action should have been brought in the bankruptcy court as a contempt action for RMA's violation of the automatic stay. I grant the motion.

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6), and thus "should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989).

█ The facts in this case are virtually identical to those of *Randolph v. IMBS, Inc.,* 288 B.R. 524 (N.D.Ill.2003) (Bucklo, J.). In *Randolph,* as here, the defendant attempted to collect an unpaid debt which was discharged in a Chapter 7 bankruptcy proceeding. The plaintiff filed suit in this court under the FDCPA. I granted the

defendant creditor's motion to dismiss on the grounds that a remedy for actions which violate the automatic stay must be brought in bankruptcy court.

Ms. Cross urges me to reconsider the holding in *Randolph,* pointing out that Judge Kennelly has taken the opposite view. *See Hyman v. Tate & Kirlin,* No. 02 C 242, 2003 WL 1565863, 2003 U.S. Dist. LEXIS 4822 (N.D.Ill. Mar.26, 2003) (Kennelly, J.). However, as I discussed in *Randolph,* while it is clear that such an aggrieved debtor such as Ms. Cross may seek a remedy in bankruptcy court, the Seventh Circuit has not ruled on the question of whether he or she has an additional remedy under the FDCPA in district court, and district court authority is deeply divided.

The most informative Seventh Circuit opinion in this area remains *Cox v. Zale Delaware Inc.,* 239 F.3d 910 (7th Cir.2001). In Cox, the Seventh Circuit held that a suit for violation of section 524(c) of the Bankruptcy Code, which requires debt reaffirmation agreements to be filed with the bankruptcy court, may be brought only as a contempt action, "since the debtor would be seeking to enforce the order of discharge issued in that [bankruptcy] proceeding." *Id.* at 917. I read this as an indication of the circuit's preference for efficient resolution of discharge-related claims in one forum.

■ Ms. Cross suggests that to deny her the opportunity to pursue her claim in this court would contravene the principle that where two federal statutes address the same subject, courts should give effect to both. *Peeples v. Blatt,* No. 00 C 7028, 2001 WL 921731, at *4, 2001 U.S. Dist. LEXIS 11869, at *13 (N.D.Ill. Aug.14, 2001) (Gottschall, J.) (holding that a bankruptcy debtor subjected to collection attempts has a right of action under both the Bankruptcy Code and the FDCPA).

While I recognize that principle, it must be weighed against the expressed goal of the Bankruptcy Code to provide a comprehensive enforcement scheme in bankruptcy cases. *See Bolen v. Bass,* No. 97 C 3944, 2001 WL 1249058, at *3, 2001 U.S. Dist. LEXIS 16964, at *15 (N.D.Ill. Oct. 18, 2001) (Lefkow, J.) (holding that the exclusive remedy for attempts to collect discharged debts is a contempt action in bankruptcy court); *see also Wehrheim v. Secrest,* No. 00–1328, 2002 WL 31242783, at *6, 2002 U.S. Dist. LEXIS 19020, at *19 (S.D.Ind. Aug. 16, 2002) (holding that *Cox* precludes suits under the FDCPA that might have been brought as a contempt proceeding in bankruptcy court).

I stand by my reasoning in Randolph, and hold that Ms. Cross cannot sustain this action under the FDCPA. Any remedy for a creditor's collection actions during a pending bankruptcy should be provided by the bankruptcy court. The motion for judgment on the pleadings is GRANTED.